## Tillotson *against* Cheetham.

ALBANY,
Feb. 1808.

Tillotson
v.
Cheetham.

COLDEN, at the last term, in behalf of the plaintiff, moved to amend the record in this cause, 1. By inserting the words, " at the city-hall, in the city of *New-York*," in the *memorandum*, next after the words, " before the justices, &c. of the same people," and striking out the words " here," after " brought." 2. By striking out of the imparlance " *November* in *November*," and the words " *in the year one thousand eight hundred and six*," and inserting the words, " *February* in this same," between the words " of" and " term." 3. By striking out of the default and interlocutory judgment, the words, " in proper person, and defends the wrong and injury when," &c. and substituting, " although at that day solemnly demanded, came not, nor does he say any thing ;" and for the word " whereupon," the word " wherefore." 4. By striking out of the first continuance, the words " and the said defendant in his proper person." He proposed several other amendments of a similar nature ; but the principal one was, the alteration from *November* to *February* term, in the imparlance. He said, that these amendments were all formal, and in those parts of the record, which are supposed to be entered by the clerk. He cited *Col. cases*, 41. 45. 2 *Tidd's Prac.* 644, 645. 1 *Salk.* 270. 3 *Term.* 659. 749. 2 *Lev.* 22.

*Baldwin*, contra, read an affidavit, stating, that a writ of error had been brought by the defendant, on the record to the court for the correction of errors, which had been duly returned in *February*, 1797, with a transcript of the record annexed, and filed with the clerk of the court of errors ; that errors had, thereupon, been assigned generally, and specially, by the plaintiff in error ; and that, among other errors, so assigned, were those which the plaintiff in this court, now wished to amend ; that there had been a joinder in error, by the defendant in that court, in which he alleged, that there was no error in the record

After an assignment of errors, and joinder, in the court for the correction of errors, this court, on motion, will amend the original record in matters of form, for the original record remains here, the transcript only being sent up with the writ of error.

ALBANY,
Feb. 1808.

Tillotson
v.
Cheetham.

and proceedings; and that, according to the practice of the court of errors, a case was prepared, printed copies of which were delivered to the judges of that court, and a day assigned for the hearing of the cause, but on account of the pressure of business before the court, it did not come on to be heard. He contended,

1. That by the common law, no such amendments of the record could be made, after the term in which the record was made up.* By the statute of *Jeofails*,† amendments may be made " as long as the record and process remain before the court." By the writ of error, the record is removed from this court to the court of errors. It is true, a transcript only is sent up; but, in judgment of law, that is the record.‡ The words of the act, declaring that the record may be amended, as long as it remains before the court, supposes that it may be removed. The transcript before the court of errors, is always regarded as the record itself.§ The original record is kept by this court, to prevent its being lost, and for the purpose of executing the judgment of the court of errors; but, for every other purpose, the transcript is considered as the record removed from the court below.

2. Admitting that this court has power to amend the record, the plaintiff is too late in the application, after having pleaded, in the court above, *in nullo est erratum*, thereby admitting the record to be perfect.* He cannot now allege diminution. Alleging diminution, is merely for the purpose of supplying defects; but after a joinder in error, you cannot allege defects in the record, and pray a *certiorari*. A *certiorari* is to obtain copies of the proceedings not contained in the general record. Diminution cannot be alleged, because there are matters erroneously stated on the record; for this would be allowing the party to question the truth of the record; and you cannot allege diminution, contrary to the record that is certified.† Where some part of the proceedings are omitted, amendments may be made, and a *certiorari* awarded for that purpose; but nothing can be returned that is inconsistent

* *Black. Comm.* 407.
† *Laws N. Y.* v. 1. p. 127.

‡ *Wolfe* v. *Horton*, 3 Caines, 87.

§ *Rex* v. *North*, 3 Salk. 565.

* 1 *Salk.* 269, 270. 1 *Johnson*, 493.

† 2 *Bac. Abr.* 469. *Error*, (E.) *Roll. Abr.* 764. 2 *Roll. Rep.* 200. 353.

with the first record. In the case of *Petrie* v. *Hannay*,[*] which is the strongest case to be found, in favour of amendments, there was a mere slip of the clerk, in not entering up the judgment on the second plea. In *Price* v. *Evers*,[†] the court of errors amended the transcript, and remitted it to this court, that the record here might be amended in the same manner.

4. Again, there is nothing in this court to amend by; and amendments are never allowed, unless there be something by which they may be made. It would be unreasonable to allow the record to be amended, so as to defeat the writ of error, and throw the costs upon the plaintiff in error : and how is this amended record to be sent to the court of errors ? If there be a new transcript, there will then be two records before that court; and which of them is to be regarded as the true one?

5. If the errors be merely formal, as is alleged, then there is no need of amending the record, for errors in form are cured by the statute of *jeofails*, and may be amended, or disregarded, by the court into which the record has been removed. Again, if this court can amend its errors, in cases like the present, there will be no use of a court for the correction of errors ; and what is to prevent this court from amending the record, in matters of substance, as well as of form?

*Colden*, in reply. The record always remains in this court; for, by the statute,[‡] a transcript only is sent up to the court of errors. It is never too late to make an application to amend, until after judgment in error. There are numerous cases, in the books, of amendments, allowed after error brought.[§] The case of *Tully* v. *Sparkes* and others,[¶] is strongly in point. In that case, there was a writ of error from the court of *K. B.* to the exchequer chamber, and when the court were ready to give judgment, it was moved to amend the record ; but the court said, that it could not be done, and that it must be amended in the *K. B.* A motion was afterwards made, in the court

ALBANY,
Feb. 1808.

Tillotson
v.
Cheetham.

[*] 3 *Term*, 59.
[†] *Cole. Cases*, 41.

[‡] *Laws N. Y.* v. 1. p. 184.

[§] 3 *Term*, 349.
7 *Term*, 474.
2 *Burrow*, 2730.
[¶] 2 *Ld. Raym.* 1570. *S. C.*
2 *Str.* 867.

ALBANY,
Feb. 1808.

Tillotson
v.
Cheetham.

of *K. B.* to amend the record, and it was objected, that the record was not in the *K. B.* but had been removed into the exchequer chamber ; that it was not a clerical mistake, but an error in matter of judgment, and that the application was too late, after the cause had been twice argued in the exchequer chamber ; but the court of *K. B.* overruled all these objections, and allowed the amendments ; and at the next term, the transcript was amended by the record in the *K. B.* and the judgment affirmed. The court will always intend, that the entries on the roll are made by the clerk, and that he has minutes, by which the amendments can be made.

KENT, Ch. J. delivered the opinion of the court. This is a motion for leave to amend the record of judgment, upon the execution of a writ of inquiry of damages, in this cause. The final judgment was given in *November* term, 1806, and a writ of error was thereupon issued, and in *February*, 1807, duly returned into the court of errors, with a transcript of the record annexed. At the last session of the court of errors, errors were assigned, and among others, that by the record, it appeared, that an imparlance was given to the defendant, and a continuance entered from *November* term, 1805, to *November* term, 1805, before the court at *Albany*, and that interlocutory judgment was then and there entered. To this assignment of errors, a joinder was put in, alleging, that there was no error, and in this situation, the cause stood in the court of errors, at the time of making the present motion.

It is evident, that the record itself, in judgment of law, as well as in fact, remains in this court, and that only a transcript is sent up with the writ of error. This is the direction of the act, organizing the court for the correction of errors. (*Laws N. Y.* v. 1. p. 184.) This court may, therefore, amend the original record, notwithstanding a transcript of it, is in the court above, and in the case of *Tully* v. *Sparkes*, (2 Ld. *Raym.* 1570. 2 *Str.* 869.) it was not only so ruled in the court of *K. B.* after solemn argument,

but the amendment was made, in matter of form, after argument upon joinder in error, in the court above, and with the unequivocal approbation of that court, who allowed the transcript to be amended, according to the amended record in the *K. B.* That case is so perfectly in point, that it seems to me, to put an end to all doubt about the propriety of granting the present motion. The case of *Grenville* v. *Smith*, (*Cro. Jac.* 628.) and the several cases cited in 1 *Roll. Abr.* 208. *l.* 45. 50. and 209. *l.* 15. 25. prove, that this decision in Lord *Raymond*, was in strict conformity with the ancient practice, and that the court of errors used to give the like effect to amendments. The subsequent cases of *Petrie* v. *Hannay*, of *Doe* v. *Perkins*, (3 *Term*, 659. 749.) and of the *Lessee of Lawlor* v. *Murray*, (*Schoales & Lefroy*, 75.) show that the practice is still familiar under the *English* law, after error brought, and after issue joined in the court of errors. This practice of amendment, rests in the sound discretion of the court, and is extremely conducive to the furtherance of justice. It would be disgraceful to our judicial proceedings, if mere clerical mistakes, in matters of form, were not susceptible of a ready redress, or if they were permitted to defeat a recovery, upon the merits of a cause. The court for the correction of errors, under the influence of a liberal disposition to correct mistakes in form, permitted even the *transcript* of a record to be amended in that court, and directed the amended transcript to be sent to this court, to the end, that the original record remaining here, might be amended. (*Price* v. *Evers*, *Coleman's Cases*, 41.)

The court are of opinion, accordingly, that the motion ought to be granted, upon the payment of the costs of this motion; and if the writ of error be discontinued, or *non pross'd* in consequence of the amendment, upon payment, also, of the costs in error.

Rule granted.