## VOSBURGH *against* ROGERS.

THIS was an action of *assumpsit*. The declaration
was for goods sold and delivered, to wit, 300 bushels of
salt, and 16 tons of *plaster of Paris*. Plea *non assump-
sit*, with notice of set-off. The suit was originally com-

Where a cause is removed from a court of common pleas into this court by *habeas corpus*, the plaintiff may declare in this court for a different cause of action, and for a demand which has accrued subsequent to the commencement of the suit below, and prior to the removal of the cause into this court; and the defendant may, in like manner, plead or set off any demand which has accrued subsequent to bringing the action below, and prior to its removal to this court; but he cannot plead the *statute* of *limitations* or *coverture*, or matter subsequently arising, that does not go to the merits of the plaintiff's demand.

menced in the court of common pleas of *Columbia* coun‑ ty, on the 13th of *December*, 1807, and afterwards re‑ moved into this court by *habeas corpus.*

The cause was tried at the *Columbia* circuit, in *September*, 1810, before Mr. Justice *Thompson.* The defendant admitted the whole of the plaintiff's account, amounting to 442 dollars and 40 cents. It was proved that the plaster of Paris was sold to the defendant on the 20th of *October*, 1807, at a credit of 90 days, and the money was not, of course, due when the suit was first commenced, but it became payable a few days after, and before the removal of the cause into this court.

The defendant proved a set-off for articles sold, as stated in his account. He also proved that he sold and delivered to the defendant a pair of horses, on the 26th of *October*, 1807, for 190 dollars, for which he was to be paid in *freight*, the plaintiff being then the owner of a sloop, which plied between *New-York* and *Kinderhook.* It appeared that the plaintiff failed some time in *November*, 1807, and was not of such credit as generally to be intrusted with goods on freight.

The defendant also offered, in support of his set-off a promissory note drawn by the plaintiff, for 217 dollars and 65 cents, payable to one *Reynolds* or order, and endorsed by him to the defendant, after the suit was commenced in the court of common pleas; but before the cause was removed into this court.

The judge charged the jury, that the plaintiff having become insolvent, the defendant was not bound to request him to take goods on freight for the amount of the horses, and that the jury ought to allow the whole of the defendant's account. The jury found a verdict for the plaintiff for one dollar and five cents; but if the court should be of opinion that the note offered by the defendant ought also to be allowed, as a set-off, then they found for the defendant for 216 dollars and 62 cents.

*Van Buren,* for the plaintiff.  1. The whole of the debt became due before the cause was removed into this court.  Where a cause is removed by *habeas corpus,* the record is not removed, but the plaintiff must commence *de novo.*  It is a new suit, and is not considered as a continuance of the suit commenced in the court below, unless for the purpose of justice, as to prevent a plea of the statute of limitations or coverture.*

2. Had the defendant a right to set off the note, endorsed to him after the commencement of the suit below, though before the removal of the cause?  Though, at first view, he may appear entitled to set off such a demand as well as the plaintiff to declare for a debt which had become due after the commencement of the suit ; yet there is just ground for a distinction.  The defendant, if he removes the cause, is entitled to no favour, nor can he gain any other advantage than the delay.  If he is allowed to set off a demand acquired subsequent to the commencement of the suit in the court below, he might always defeat the plaintiff's action, where it was above 250 dollars, by removing it, and pleading a set-off; and he would take advantage of his own act of delay, to defeat the plaintiff.

3. The defendant had no right to set off the price of the horses, without previously requesting the plaintiff to take goods on freight, in payment.

*E. Williams,* contra.  If the plaintiff has a right to recover for a debt which was not due at the commencement of the action in the common pleas, it seems equally reasonable, that the defendant should avail himself of the right of set-off, for a demand acquired also since the commencement of the suit.  Though the defendant cannot avail himself of the delay occasioned by the removal of the cause, in order to plead the statute of limitations, there is no reason why he may not plead to the merits of the action, a payment or set-off.

* *Platt* v. *Platt,* Col Cases, 36. *Salk.* 352 *Skin.* 246.  14 *Viner,* 229. *Hab. Corp.* (O). 1 *Wils.* 277.

The plaintiff cannot declare for a demand accruing after a *capias ad respondendum* has issued, by which the defendant is brought into court; and for the same reason he ought not to be allowed to declare in this court on a demand not due until after the *habeas corpus*, which is only another method of bringing the defendant into this court.

After the failure of the plaintiff, who had become incompetent to take goods on freight, it would be unreasonable and absurd to require of the defendant to tender him goods to carry on freight, before he could be entitled to demand or recover payment for the horses.

*Per Curiam.* It does not appear whether the plaintiff had declared in the court below, before the cause was removed into this court by *habeas corpus;* nor was that fact material, for the record is not removed by this writ, and the plaintiff declares *de novo,* in this court, and may declare for a different cause of action. The suit here is not a continuation of the suit below, technically considered, though for certain purposes of justice, the court will take notice of the former suit; the plaintiff was therefore entitled to recover for the *plaster of Paris,* as that debt was due before the commencement of the suit here. (*Coleman's Cases,* 36. *Platt* v. *Platt.*) The next question is, whether the defendant was entitled to set off the note purchased after the commencement of the suit below, and before the suit was removed into this court. As the plaintiff is entitled to declare for a cause of action accruing after the suit below, it would be unjust not to allow the defendant to meet such new cause of action by a new defence, perhaps accruing out of that very cause; as where the plaintiff should declare on a new running account; or upon a transaction occurring in a course of mutual dealings. In one case the court will take notice of the former suit, so as to protect the plaintiff; and that is the case of a plea of the statute of

limitations; for it would be the height of injustice to al- low the defendant to defeat the plaintiff of his remedy without his default. (1 *Sid.* 228.   2 *Salk.* 424.   2 Ld. *Raym.* 1427.)   It is said to be a general rule, that the court will not suffer the defendant to prejudice the plaintiff, by removing the cause; and, therefore, if special bail was required in the court below, and not in the court above, according to the usual course of the court; yet, in this case, the defendant must give bail, because it was required below. (12 *Mod.* 646.)   And yet, in another case, the books seem not to be consistent in the support of this principle.   In *Hetherington* v. *Reynolds*, (1 *Salk.* 8.) it was ruled that if a *feme sole* be sued in an inferior court, and after plea marries and removes the cause, by *habeas corpus*, she may plead coverture in abatement to the new declaration above.   It was, however, subsequently ruled otherwise, in *Haddock* v. *Howard; (Barnes*, 355.) and the latter decision is certainly the most sound in principle.   These pleas, then, of the statute of limitations and of coverture, are, perhaps, the only ones which the plaintiff has been permitted to defeat, by replying the suit below.   And unless he be confined in his declaration, to a cause of action accruing prior to the suit below, he ought not to confine the set-off to that period.   This rule, to be just, must be mutual.   It may be said, that a defendant can thus defeat a valid cause of action, by removing the cause, and purchasing a note to set off against the demand.   The answer is, that the plaintiff may equally increase his demand by such means; and that he is not obliged to declare in the court above, for he cannot be nonsuited for not declaring; and, perhaps, if the fact of the defendant's purchase of a note was suggested to the court, on the return of the *habeas corpus*, it might be ground for a *procedendo*, according to the intimation of the K. B. in the case of *Hetherington* v. *Reynolds*.

NEW-YORK,
May, 1811.

VOSBURGH
v.
ROGERS.

NEW-YORK,
May, 1811.

BROWN
v.
BEMENT.

The next point in the case is, whether the set-off of the horses was admissible. We think it was, for the reason mentioned by the judge at the trial; and, consequently, the judgment is to be entered for the defendant, for 216 dollars and 62 cents.

Judgment accordingly.