This case ivas argued at the last term; and at this term, the opinion of the Court delivered.
Kirkpatrick, C. J.
— Had considered the subject in vacation, and was clearly of opinion, that the amendment should be made.
Rossell, J.
— Had no doubt hut what arose From the 7th section of our act; and he was, on the whole, satisfied with the explanation given it.
Pennington, J.
— The case lias been learnedly argued, and numerous authorities cited; I have looked into them all. It appears very clear to me, that the current of authorities, for two centuries back, are in favor of the amendment. This is not an error of the Court in rendering judgment, hut a mere misprision of the Clerk; a mistake in the Christian name of the Administrator; a slip of the pen. It would be a reproach to our judicial system, if such a cíerical error should defeat a substantial recovery. Length of time is urged against this amendment; but this is sanctioned by precedent, 4 Med. 371, 12 Mod. 384. Danger to purchasers is also pressed upon the Court. As to Christopher Probasco, who opposes this motion, if his title is good, the judgment will not affect him; [*] he does not pretend to be a subsequent bona fule purchaser, without notice; nor do I very well perceive how any one could alledge the want of notice from this mistake. The person against whom the judgment is had, is truly named; the character and right in which the plaintiff sued, is truly named; and whether his name was George or Garret, cannot, in my opinion, materially affect the question of notice.
Again, the seventh section of our statute, respecting amendments and jeofails, is set up as a positive prohibition to all amendments of judgment after the term in which the judgment is rendered. If this construction is the true one, this section is not only at variance with a settled course of adjudications, but with other parts of the same act; for the first section, which is copied from 9 Henry, 5, in express terms, empowers the Court, in the cases there put, to amend the record, both before and after judgment, as long as the same is before them. I confess, I have been somewhat at a loss for the true construction of this seventh section of the act; for l have not been able to find any corresponding British statute, from which statutes, every other part of our act respecting amendments and jeofails, is taken. But l find, in the New-York act, concerning amendments, a sec *740 tion in .substance the same, but with some alteration in the phraseology, calculated to favor Mr. Bogg’s construction, that it only was intended to prohibit the Clerk of his own head, without the direction of the Court, to amend the record after the term in which judgment is entered. The marginal note to that section, is in the following words: “ Clerks not to alter records in any term after judgment.” And I am inclined to the above construction as a reasonable interpretation, well adapted to reconcile apparently discordant parts of the same act. The judges in New-York do not consider this section as changing the doctrine of amendments, 3 John. Rep. 95. At all events, I am persuaded that the Legislature did not intend to introduce a section for the purpose of defeating the principal scope and design of the act.
[*] Another objection to this amendment is, that this judgment being founded on a report of referees, and the report not being to be found, there is nothing to amend by. If the amendment called for, was to be found in the report only, for instance, the sum found, and could be ascertained in no other way, there might be something in the objection. But it appears to me, that the writ, declaration, and plea, all being in the same name, and all right, afford sufficient antecedent matter to amend by; amendments are in the sound discretion of the Court. The application is reasonable, arid the plaintiff entitled to his rule.
Amendment allowed.