Harper, J.
It appears to me that the only material question in the case is, whether the judgment obtained by John King against Margaret May and Edward C. Walker, as executors de son iort of Robert May, is valid as against Edward C. Walker, now administrator of Robert May, and binds the estate in his hands. It is agreed that Margaret May is dead, so that, in any point of view, Edward C. Walker, as survivor, is alone subject to be sued. If it be a valid judgment against the administrator, there can be no question respecting the statute of limitations.
I think the authorities referred to on the part of the appellant, sufficientty establish that it must be regarded as valid. The doctrine* 'j4-‘ inferred from the case of Vaughan v. Brown (Str. 1105) is, that the grant of administration has relation back to the death of the intestate, and legalizes the intermediate acts of the administrator. In that case the defendant was sued as executor, and claimed to retain for a judgment from the deceased in his lifetime to himself. It was replied that he was executor cle son tort, and he rejoined administration granted to himself puis darrien continuance. So, in 1 Saund. 262, n. 2, it is said that a subsequent administration legalizes acts which were tortious at the time. The same doctrine is recognized in the case of Rattoon u. Overacker, 8 Johns. 91, and by this Court in Witt v. Elmore, 2 Bail. 595. In the latter case, it is said the effect of the rule is to legalize the acts done as executor de son tort, both for and against him. Suppose-an action of debt to have been brought on the judgment against Edward C. Walker, as survivor, a recovery must have been had. Supposing it necessary to describe as executor, in conformity to the former judgment, he would have been estopped by the record to deny himself executor; and then suppose an execution .issued on the last judgment and enforced the effects of the testator in his hands, how could the enforcement of that execution have been restrained ?
The administrator himself would have been estopped. He represents all creditors and distributees, and they are bound by his acts, unless in cases of fraud or collusion. The effects, in the present instance, are not in the hands of the administrator; but he is entitled to all funds of the *25 estate until all debts are paid, nor until then can the distributees be entitled to anything. It is said, an execntor is not bound to plead the statute of limitations. Toll. Law of Exor’s, 343-429; Ex parte Dewdney, 15 Ves. 498. However this may be, (and perhaps in some iustanees it may be questionable,) in this case he has not pleaded it; there is a judgment against him which binds him and the estate. If he has been guilty of a neglect of duty in this matter, the remedy of those interested in the estate must be against him on his official bond. The motion is therefore granted, and the exceptions sustained.
Johnson and ONeall, Js., concurred.