## DENNISON v. WILLSON.

In *scire facias* against bail who has left the State, service should be made on him by a copy as pointed out by Rev. Stat., chap. 183, sec. 7. And service upon the attorney of the principal is insufficient.

If the return of service of *scire facias* on bail without the State be not verified by affidavit, it is insufficient; but leave may be granted to amend after error brought and joinder.

Application for leave so to amend must be made in the court where the record lies, and not to the court of error having only a transcript before it.

The proper terms upon such leave to amend, are the payment of the costs of the writ of error, if it be *non prossed* by reason of the amendment.

ERROR. Francis Willson the defendant in error recovered judgment against William Dennison at the May term of the court of common pleas in the county of Coös in 1842; and Noyes S. Dennison the plaintiff in error was bail, and Ira Young the attorney of record for William Dennison.

On the first day of January 1843, a writ of *scire facias* was sued out against the bail, who then resided in the State of Vermont, and was committed to Cross, a deputy sheriff, for service. The following return was made upon it:

"Coös ss. April 17, 1843. I then served the within precept by reading the same in the presence and hearing of Ira Young, Esq., of said Lancaster, the attorney for

Dennison *v.* Willson.

William Dennison in the original suit in which Noyes S. Dennison became bail.

EPHRAIM CROSS, Dept. Sheriff."

"At Guildhall in the county of Essex and State of Vermont on the 17th day of April, 1843, I gave in hand to the within named Noyes S. Dennison, a true and attested copy of this precept, with a true and attested copy of this and my former return above thereon indorsed.

EPHRAIM CROSS, Dept. Sheriff."

Upon the return of the process at the court of common pleas on the first Tuesday of May 1843, Dennison was defaulted and judgment was rendered against him; for the reversal of which this writ is brought. The error assigned is, "that said writ of *scire facias* is a writ of summons, upon which no attachment of property could by law be made, or was made; that the said Noyes S. Dennison at the time of the service thereof was and ever since hath been and now is an inhabitant of the State of Vermont, and not an inhabitant of the State of New-Hampshire; and that the said Cross in serving said writ upon said Dennison did not serve the same by reading to the said Dennison within his precinct in the county of Coös aforesaid, nor did he serve the same by giving to said Dennison in the county of Coös and State of New-Hampshire a true and attested copy thereof with a copy of the return thereon, or by leaving such copy at said Dennison's usual place of abode in said county of Coös; but it was served by said Cross as a deputy sheriff of said county of Coös by giving to said Dennison at Guildhall in the county of Essex and State of Vermont a true and attested copy of said precept with his return thereon; and by reading the same in the presence and hearing of Ira Young at Lancaster aforesaid, the attorney for William Dennison in the original suit in which said Noyes S. Dennison became bail; that the said writ of *scire facias* was not served by said Cross or any other officer of said

county of Coös in any other way or manner, or by any other officer or person in any way whatever, or in any place whatever, except as aforesaid; so that no legal service and return were ever made on said writ of *scire facias* as aforesaid. And the said plaintiff in error says that there was manifest error in said service and in said court in rendering judgment in said action of *scire facias* upon default."

The defendant pleaded *in nullo est erratum*, and after issue joined, the officer who served the writ of *scire facias* personally appeared in the court of common pleas, and in open court made oath that the return made by him was true, and the oath was certified by the clerk of that court upon the back of the writ.

*Young*, for the plaintiff in error, cited the Revised Statutes, chap. 183, secs. 2, 5, 6, and 7, and contended that service on persons without the jurisdiction was provided for only in cases in which property is attached.

Persons not inhabitants of the State are not legally competent to become bail, and an officer is not justified in taking such.

There having been no service within the jurisdiction, the judgment is a nullity. *Whittier* v. *Wendell*, 7 N. H. 257. He cited also 9 N. H. 396; 2 Verm. 573; 6 N. H. 497.

The bail has a right on return of *scire facias*, to surrender his principal in court.

*Wells*, for the defendant in error.

Woods, J. This is a writ of error brought to reverse a judgment rendered upon default against the plaintiff in error in favor of the defendant. The error assigned is a defect in the service of the writ.

The action in which the judgment was rendered was

*scire facias* against Dennison, as bail of one William Dennison, against whom the defendant in error had recovered a judgment in a former suit. In that suit Mr. Young had appeared as the attorney of record to William Dennison.

The service of the writ of *scire facias* was made by Ephraim Cross, a deputy of the sheriff of the county of Coös, by reading the same to Mr. Young within his precinct, and by giving a copy of the writ and of his return to the defendant, the plaintiff in error, in Guildhall in the State of Vermont.

It is provided by the Rev. Stat., chap. 183, sec. 7, that " writs of review and of *scire facias* may be served, in case the defendant therein is not an inhabitant of this State, on the attorney who appeared for such defendant in the original action, or by giving to such defendant a copy of such writ, and affidavit made thereof."

Several classes of cases are provided for in this section; writs of review and writs of *scire facias*, as well against parties to former actions as against others. In some of these cases the service may be made at the option of the party making it, or according to the circumstances of the case, either upon the defendant himself or upon the person who appeared as his attorney of record. In the other cases, the service must be made upon the party himself, for the plain reason that not having previously been in court, there can be no attorney of record on whom service may be made.

Such is the present case. Mr. Young was the attorney of the defendant in the original suit, in which the defendant in the *scire facias* was bail, but was in no sense the attorney of the bail, so as to authorize the service of the writ to be made upon him. The only mode of service therefore provided by the statute, is the personal service upon the defendant himself.

This was made in direct conformity with the require-

Dennison *v.* Willson.

ment of the statute by the officer, Cross, and a minute made on the back of the writ to that effect, and the writ was in that condition returned to the court of common pleas. So far as the officer proceeded in the service, he proceeded correctly; and all that was required was the step which the statute had pointed out as the means of establishing the evidence of what he had done, the act of service having been performed without his precinct and therefore not having been official.

If nothing more had been done, the return would have been incompetent and insufficient, and the judgment rendered upon default without any appearance on the part of the defendant in the suit, would have been erroneous in consequence.

But afterward the officer did that which, if it was seasonably done, perfected his return, by making the evidence of the service complete, and thereby cured the error.

The principal question is whether such an amendment was within the discretion of the court of common pleas to grant.

In general the court will permit an officer to amend his return after a long time has elapsed, provided sufficient material (such as minutes made at the time) exist, from which he may make the desired amendment. *Johnson* v. *Day*, 17 Pick. 106; *Hovey* v. *Wait*, do. 196; *Baxter* v. *Rice*, 21 do. 197; *Chase* v. *Merrimack Bank*, 19 do. 564; *Haven* v. *Snow*, 14 do. 28; *Whittier* v. *Varney*, 10 N. H. 301; *Gibson* v. *Bailey*, 9 do. 168.

Nor is the bringing of a writ of error for the purpose of reversing the judgment, upon the ground of the imperfection of the return, any impediment to granting such leave.

A verdict may be amended by the judge's notes after error brought and joinder. *Clark* v. *Lamb*, 8 Pick. 415. In the opinion of the court in that case as delivered by Mr. Justice *Wilde*, the cases are examined, and the conclu-

Dennison *v.* Willson.

sion adopted, that such amendments, moved within a reasonable time, are sanctioned by ancient usage of the courts in England as well as in that State, and by obvious considerations of justice.

In *Dickinson* v. *Plaisted,* 7 T. R. 474, leave to amend the record was granted after writ of error brought, although the pendency of the writ was insisted on. " The lateness of the application," the court said, " was no objection, since nothing was more common than an application to the court of chancery to grant an original, after the want of an original had been assigned for error."

A similar determination was had in 1 Watts & Serg. 365, in which the declaration was held to be amendable after error brought.

The principle of these cases is, that an amendment that may in general be granted, in conformity with the practice of the court, before the bringing of the writ of error, may be granted at any time before the judgment is actually reversed on error. The accruing of the rights of third parties does not ordinarily affect the right to amend. *Whittier* v. *Varney,* 10 N. H. 301. And whoever founds his claim upon an error in the proceedings of public officers or others, speculates upon the contingency of an amendment being made that shall defeat his claim.

In *Tillotson* v. *Chatham,* 3 Johns. 95, it was also held, upon an examination of the authorities, that an amendment might be granted after writ of error brought, and the practice was commended by the court as conducive to the ends of justice.

The granting of the amendment in this case was within the discretion of the court where the record lay. The writ of error does not remove the record to this court, but a copy only is brought up. This practice was settled in the case of *Rowell* v. *Bruce,* 5 N. H. 381, and it was expressly decided there, that the application for leave to amend could be made only to the court below.

We have no doubt therefore that the amendment made by leave of the court below, was made in perfect conformity with the law. Having been made, the record is, by relation of the act, good from its inception, and consequently the judgment must be for the defendant in error.

Upon the question of costs, in *Tillotson* v. *Chatham,* 3 Johns: 95, the terms of granting the amendment were payment of costs of the application, and if the writ of error be discontinued or *non prossed* in consequence of the amendment, upon payment of costs in error.

*Judgment affirmed.*