## James Scribner vs. John S. Gay.

The Supreme Court has no power to rectify the records which are transmitted to it from inferior tribunals, but it may, in a proper case, compel their correction by the inferior tribunal by mandamus.

The Court can not strike out a bill of exceptions on proof that it was settled without notice to defendant in error.

Though the Court may, on a proper showing, compel bills of exceptions to be corrected so as to conform to the facts, it will not do so until it is shown that mistakes exist which are injurious to the party applying for the correction.

And where the judge who signed a bill of exceptions has since gone out of office, the bill can not be remanded for correction.

*Heard October 12th. Decided October 13th.*

SCRIBNER vs. GAY.

Error to Kent Circuit.

*C. I. Walker*, for defendant in error, moves to strike out the bill of exceptions in this case, and also to dismiss the writ of error. He read affidavits of the attorneys for defendant in error that no notice of the time and place of settling the exceptions was ever served upon them, nor did they ever assent to their settlement. And also that no assignment of errors had been served or filed.

The case was tried, and the exceptions settled, by Judge Martin while circuit judge. Assignment of errors had been filed and served since the service of the papers on which this motion is founded.

*S. G. Champlin*, for plaintiff in error, read affidavits showing that the failure to assign errors was in consequence of a misunderstanding between the two attorneys employed in the case below — each supposing the other was taking charge of the case in error — and showing, also, that in procuring the exceptions to be settled and signed, they had followed the practice prescribed by the rules for settling *a case.*

*Walker:* It is clear that these exceptions were improperly settled. We had no notice of the time or place when or where they would be presented for settlement, and no reason to suppose they would be allowed and signed without such notice.

[MANNING J.: What power have we to alter the records of other courts which are brought up for review? This bill of exceptions comes here as a part of the record of the Court below, and imports verity. If not correct in point of fact, can any other than the court whose record it is amend it?]

*Walker:* Clearly it is not in the Court below for amendment. It is here, and no where else; and the motion we make would seem to be the proper one in such a case. —

*Gra. Pr.* 286; 3 *Cow.* 32; 7 *Ga.* 59. Such a motion was granted for a similar reason in 21 *Mo.* 569; and in 6 *How.* 260, the action of a court of error in striking out a bill of exceptions was recognized as entirely within its power.

*H. T. Backus*, contra, cited 1 *Burr. Pr.* 457; 10 *Wend.* 254; 2 *Tidd. Pr.* 865; 7 *Wend.* 471; 5 *Wend.* 130; 7 *Cow.* 364; 3 *Dal.* 38.

CAMPBELL J.:

A motion is made to dismiss the writ of error, and to strike out the bill of exceptions in this case, upon the grounds, *First,* That there was no assignment of errors made in time; and *Second,* That the exceptions were settled without notice.

The omission to assign errors is satisfactorily accounted for, and as an assignment has now been filed, we are not disposed to grant the motion to dismiss. If the defendant in error is not ready to go to a hearing, he will be entitled to a continuance on account of the failure, as a matter of course.

It appears by the affidavits upon the other point, that a copy of the proposed bill of exceptions was served upon the attorneys of the defendant in error very shortly after the judgment of the Court below was given. The rules were defective as applicable to exceptions in such cases, and the plaintiff in error appears to have pursued the practice prescribed for preparing cases made after judgment, by notifying the defendant in error to serve amendments, if he desired to make them. There is no reason to suppose any want of good faith existed in the course taken. The true practice was, undoubtedly, to serve notice of the time and place of settlement — which was not done. And if the affidavits showed any injury to the defendant in error arising out of such omission, we should be disposed, if possible, to remedy that evil. In the case of *Sweetzer vs. Mead* [*ante p.* 33], we declined to strike out a bill of exceptions, and an amendment

to the finding of the Court below, where the grounds urged were similar to those taken here. We have no power to rectify the records or findings which are transmitted to us from the inferior tribunals. If any alterations or corrections are to be made, they must be made by the court or judge who tried the cause; and we can only treat them as we find them. If a party has suffered injury by any unauthorized action, which is not apparent on the record, we can in some cases grant redress by a mandamus, to direct proper action to be had by the tribunal complained of. And in the case of bills of exceptions, there is no doubt that we may, upon a proper showing, in ordinary cases, require them to be so corrected as to conform to the facts. But until affidavits are presented establishing the existence of mistakes injurious to the applicant, it would, in our view, be highly improper to interfere. The action of the judge who signs the bill must be presumed correct; and any mere irregularity, in preparing or presenting the bill for signature, should be disregarded, unless substantial injustice has resulted from it. We conceive the proper practice, when such a case is made out, should be, not the striking out of the bill—whereby a party would be entirely deprived of his lawfully taken exceptions—but a mandate to the judge to correct the bill according to the facts. Any other course would work great injustice.

In the case before us, the affidavits do not set up that the bill of exceptions as signed is in any particular incorrect; and for the reasons given, we should, in any event, decline, interfering. But inasmuch as the judge who signed the bill has since gone out of office, and is legally disqualified from acting further upon it, it would be out of our power to remand it at all. It is the settled practice in England to permit a motion for a new trial without reference to lapse of time, where a party by the death or resignation of a judge has lost his exceptions.— *Newton vs. Boodle*, 3 *M. G. & S.* 795. And in such a case, it was granted as a matter of course in *Bennett vs. The Peninsular & Oriental Steam-*

boat Co. 32 Eng. L. & Eq. 318. The reasons are much stronger for refusing to interfere with a bill already signed by a judge who has retired; for in all cases it is his statement which must be received as final. And in case of a reversal upon exceptions, the result is a new trial, in which the whole merits are brought up again; so that there is no failure of justice.

The motion is therefore denied. The defendant in error is at liberty to have the case heard, or continued over, at his option.

Walker suggested that as the failure on the part of plaintiff in error to assign errors had rendered action on the part of defendant in error necessary, the latter ought to have costs of the motion.

CAMPBELL J.: The Court think there is no more reason for giving the defendant in error costs of the motion, than than there is for awarding them against him. We give no costs to either party.

                    Motion denied without costs.