# MAY TERM, 1859, AT DETROIT.

## Jacob S. Farrand and Another v. Benjamin Bentley.

Defects of jurisdiction can not be waived by the parties.

A case agreed upon by the parties and submitted to the circuit court, for its decision under §3421 of Compiled Laws, must be signed by the parties or their attorneys.

Where one of the parties caused a case to be filed in this Court which he claimed was a case settled after judgment, but it did not conclusively or necessarily show on its face that it was so intended; and the circuit judge who tried the suit and signed the document, certified to this Court that, in so signing it, he did not suppose he was settling a case under the statute, and that the one signed does not set forth the whole facts as they existed; — *Held*, That the papers should be remitted to the circuit court for such action as that court should deem proper under the circumstances.

The power to allow amendments to records, for the purpose of correcting mistakes and errors of haste and inadvertence, considered.

*Heard May 3d and 4th. Decided May 5th.*

Case from Genesee Circuit, filed in this Court by defendant as a case made and settled after judgment against him, in the circuit court.

The document filed indicated that the circuit judge had disposed of the case upon an admission of facts in writing, by the respective counsel; which admission does not appear to have been signed. The certificate of the circuit judge to the case filed is in the following words: "The foregoing contains all the facts, and the whole case, submitted to the court as aforesaid."

The plaintiffs now present a certificate from the circuit judge, addressed to this Court, stating that he had never signed any document which he supposed was a settlement of a case, and that the one on file is imperfect in not setting forth the whole facts as they existed. They also present the

FARRAND v. BENTLEY.

affidavit of their attorney, showing that no notice of the time and place of settling a case was served upon him.

Upon these papers, and the files,

*A. B. Maynard*, for plaintiffs, moves to dismiss the case, claiming, among other things, that on its face it does not purport or appear to be a case settled, either before or after judgment, and consequently this Court has no jurisdiction of it.

*Whittemore & Crosby*, for defendant, object that the cause has been noticed by plaintiffs for hearing at this term, and they insist that any prior irregularity is thereby waived.— *Durfee v. McClurg*, 5 *Mich.* 532.

[MANNING J.: A defect of jurisdiction can not be waived by the parties.]

They also produce their affidavits, showing due service by them of the proposed case upon plaintiffs' attorney, and that after the time for proposing amendments had expired, none being proposed, they presented the case to the circuit judge for his signature, supposing that the failure to propose amendments was equivalent to an assent to the case as it stood, and that consequently notice of the time and place of settlement of the case was unnecessary; and they claim that the certificate now sent up by the circuit judge is extra-judicial, and can not be received in opposition to his official signature to the case.

They also offer affidavits to show that the circuit judge is mistaken in supposing that all the facts submitted for his decision are not embraced in the case signed by him. And they claim that the written admission of facts submitted by counsel to the circuit judge for his decision, was a case made by the parties within the meaning of the statute ; so that, in fact, it was only necessary for the clerk of the circuit court to certify that to this Court, to give it jurisdiction to review the decision of the circuit judge.

CAMPBELL J.:

In this case, a motion is made to dismiss, on the ground that there is no case properly before the Court.

The cause could properly come into this Court for review, upon a certificate of the clerk, in one of two methods: *First*, If it is a case agreed upon in the court below before judgment, under the statute; or, *Second*, If it is a case made and settled by the judge after judgment.

It is very evident that there was no case agreed upon before judgment, in the sense of the statute. That contemplates something which must be filed, and which can be certified by the clerk. The rules have always provided that no stipulation shall be binding unless reduced to writing and signed by the parties or their attorneys. And any other construction of the statute would leave the whole matter open to dispute.

Is the case filed, a case settled after judgment according to the statute and the rules? It does not on its face show, conclusively, or necessarily, that it was so intended. But in the absence of any thing tending to throw doubt upon its character, we should not be disposed to reject a paper of this kind upon any technical niceties of form only. But we are not prepared to hold that if a clerk should certify up a paper of an ambiguous character, no showing can be allowed to inform us what it really is. Our jurisdiction can not be concluded by any such dubious acts.

In the present case, the judge who tried the suit, and whose name is attached to the document certified up, has informed us, by his certificate, that he never put his name to any thing which he supposed to be a settlement of a case under the statute, and that this instrument is imperfect in not setting forth the whole facts as they existed. Objections are made to the reception of this certificate, and affidavits are offered to contradict it.

In the case of *Sweetzer v. Mead*, 5 *Mich.* 33, we had

occasion to consider the power of a judge of the circuit court to amend his finding, and we held that he could do so in his discretion. The practice of allowing amendments, either before or after error brought, to apply verdicts to the counts. under which the evidence was all offered, has prevailed in England and in this country. In the case of *Clark v. Lamb*, 8 *Pick.* 414, such an amendment was allowed upon the judge's certificate, after error brought, and when the effect of the amendment was to cure the error which was alleged in the appellate court. In that case, and in *Mathison's Adm'rs v. Grant's Adm'r*, 2 *How.* 263, a number of authorities are cited, which show how universally courts have endeavored to preclude, in this way, errors of haste and inadvertence, whereby, if not rectified, substantial justice would be defeated; and the cases show the same doctrine to apply in other cases of mistake or inadvertence. The case of *Richardson v. Mellish*, 3 *Bing.* 334, 336, 7 *B. & C.* 819, and 9 *Bing.* 125, is very much in point. See also *Ex parte Justices of the County of Essex*, 15 *Eng. L. & Eq.* 571.*

We think the certificate of the judge is entirely proper; and that upon receiving such a notification, it is our duty, whether requested by counsel or not, to remit the papers, to the clerk of the court below, for such action as they may require. — 3 *Bing.* 334. The certificate is sufficient evidence. that the document filed was not intended by the judge to be regarded as a settled case, and does not contradict the former certificate. Upon such an intimation, we have no hesitation in ordering the papers to be sent back. The parties.

* As to the general power of amendment after judgment, see *Emory v. Whitwell, post;* after error brought, or appeal, *Short v. Coffin*, 5 *Burr.* 2730; *Usher v. Dansey*, 4 *Maule & S.* 94; *Petrie v. Hannay*, 3 *T. R.* 659; *Tillotson v. Cheetham*, 3 *Johns.* 95; *Cunningham v. Fontaine*, 25 *Ala.* 644. That amendments must be made, in such a case, by the inferior tribunal, *Hutchinson v. Crossen*, 10 *Mass.* 251; *Cooper v. Bissell*, 15 *Johns.* 318; *Rowell v. Bruce*, 5 *N. H.* 381; *True v. Plumley*, 36 *Me.* 466; *Scrib-*ner v. Gay, 5 *Mich.* 511; *Evans v. Norris*, ante p. 69. And the papers may be remanded for that purpose. — *Ibid.*

A justice of the peace can not amend a judgment rendered by himself, even to correct an error of computation in rendering it (*People v. Delaware Com. Pleas*, 18 *Wend.* 558); though he would have the power of amendment in the same manner as courts of record, before judgment.—*Near v. VanAlstyne*, 14 *Wend.* 230.

can take such steps in the court below as that court shall determine to be proper under the circumstances.

Let an order be entered remitting the papers to the clerk of the Circuit Court for the county of Genesee, for the further action of that court.

The other Justices concurred.