## Daniel B. Van Valkenburg et al. v. Hial B. Rogers.

*Bill of exceptions: Settlement of, after death of party.* A bill of exceptions is not irregular, although signed and settled after the death of the opposing party, and before there has been any revival of the judgment. If regular notice has been given to the administrator to attend such settlement, no further steps can be required to complete it; but if such notice is not given, an opportunity may be granted on cause shown to obtain amendments.

Where a judge has gone out of office after signing a regular bill of exceptions, it will not be disturbed, but will stand as a part of the record for review.

*Writ of error. Death of party.* A writ of error may issue without any steps to revive the judgment, where the party prevailing in the court below has died since judgment; and, in such case, steps may be taken after the return of the writ to bring in the representatives by *scire facias*, or by the process provided by rule of court.

*Heard and decided October 7th.*

Error to Bay Circuit.

This was a motion to strike out the bill of exceptions, and to dismiss the writ of error.

VAN VALKENBURG ET AL. *v.* ROGERS.

It appeared that, on the 5th day of September, 1867, the defendant in error, Rogers, recovered a judgment against plaintiffs in error for the sum of $1,548.75 and costs, in the Bay County Circuit: Judge Walker presiding at the trial. During the term, the plaintiffs in error procured an order extending the time for the settlement of a bill of exceptions until the 1st day of November, 1867.   On the 9th day of September, 1867, the Circuit Court adjourned without day. About the 7th day of October, 1867, Rogers died.   Elizabeth Rogers was duly appointed administratrix of the estate of said Rogers, and took out letters of administration. Plaintiffs in error thereupon served notice of settling a bill of exceptions on Rogers' attorneys, and on the administratrix, and April 15, 1868, Judge Walker settled the bill of exceptions out of court.   At the time of the settlement, Rogers' attorneys appeared and objected to the settling of the same, upon the ground that Rogers was dead.   The bill of exceptions was filed, and a writ of error was issued, which was in the same form as if Rogers were alive, but a copy of it was served on the administratrix, as well as on Rogers' attorneys.   The record, including the bill of exceptions, was returned to the Supreme Court.

*T. C. Grier*, for the motion.

The statute provides for suggesting the death of record, in case the party shall die before judgment, and for the prosecution of the claim thereafter by the executor or administrator.   But no provision is made for cases where the party dies after judgment.   And it seems to follow, from the reading of the statutes, that in them there exists for such cases at least an instance of *casus omissus*.   And by the wording of the statute it seems that a writ of error to an executor or administrator in a case like this can not be taken, for it provides that "In no other case, except such as are expressly provided for in this chapter, shall any

action be commenced or prosecuted against any executor or administrator."—*Comp. L. 897.*

A writ of error is an action. It is a new action, and is not the same action as the one the record of which is by means of it revived. And a writ of error is not provided for in the chapter referred to. By which it seems to follow that where a party dies after judgment, and the writ of error is not issued before his death, the opposite party is without further remedy. Of course, if the writ of error is issued before the death of the party and he dies afterwards, this difficulty would not exist, for *scire facias,* which is not a new action but a continuation of the old, would continue the former action in force.

At least no writ of error could legally issue until the judgment should be revived in favor of the administratrix, and that the bill of exceptions is void, and can not be heard, for the reason that it was settled after the death of the plaintiff and after judgment, and not during the term it was rendered. No proceedings by *scire facias* had been taken, and even an execution can not be issued after the death of the plaintiff without *scire facias.*

The defendants should have caused the judgment to have been revived by *scire facias* in favor of the administratrix before a bill of exceptions could be settled or a writ of error issued to her. What judgment was there to settle a bill of exceptions upon until it was revived? The administrators are not connected with the judgment until they are made parties to it by *scire facias,* and it is a principle of the common law that new parties to a judgment must be added by *scire facias.*—*2 Tidd's Pr. 1114, 1118; 1 Lord Raymond, 245; 28 Geo. 516; 20 U. S. Dig. 27; 8 B. Monroe, 553; 17 Johns. 271.*

By our statute, the writ of error is to be governed by the common law (except so far as prescribed by statute), as modified by the practice and usage in this state, and such general rules as shall be made by the Supreme Court.

VAN VALKENBURG ET AL. *v.* ROGERS.

*2 Comp. L. 1400; 13 Ala. 459; 9 U. S. Dig. 226; 15 Ohio, 300.*

The administratrix was not a party to the suit or judgment, and notice to her would be invalid until the judgment was revived in her name.

If a writ of error can be taken at all in such a case the only course that could be taken, would be to have the judgment revived by *scire facias* in the name of the administratrix; get the judge to allow further time to settle the bill of exceptions; settle the bill of exceptions, and then take writ of error to the adminisiratrix.

Where a defendant dies after judgment, a writ of error, in which his administrator is made a party by the clerk on the production of the letters of administration, will be quashed.— *2 U. S. Dig. 179, 180; 18 Id. 47, 48; 2 Stew. 462; 4 Cow. 457; 1 Green, 193; 5 Cal. 248; Hardin, 201; 9 Pet. 483.*

Writs of error do not abate by the death of the defendant in error; and the personal representatives may be admitted to defend; but if they do not come in voluntarily, *scire facias* must issue to compel them. — *6 Wheat. 260.*

*Wm. L. Webber,* and *H. H. Hatch, contra.*

CAMPBELL J.

We think there is no ground for the motion. The bill of exceptions was regularly signed, and the representatives of Rogers received full notice, and had an opportunity of presenting their amendments, if they had any. There is no claim that the bill is not correct in fact, and the judge's signature is of itself evidence of this, as the bill must necessarily relate to matters on which he personally passed. In ordinary cases, and where the judge remains in office, a bill which is signed by him, without notice to the representatives of a deceased party, would, of course, be open to amendment, upon a proper application; but, as notice is all

that is necessary to protect their rights, and as they have had it in this case, and attended under protest and proposed amendments to the bill, there is no ground of complaint. But here the judge is now out of office. And we held, in *Scribner v. Gay, 5 Mich. 511*, that a bill signed could not be remanded for amendment after the judge who allowed it had ceased to hold office, but must stand as correct; and we there referred to the practice, which has been approved, of granting new trials, where a party by such change has been, without fault, deprived of his bill. The granting of a new trial only puts the parties to the necessity of having a new hearing, and does not produce any evil beyond inconvenience, and is a better alternative than depriving an innocent party of a legal ground of redress in a court of review.

But here we do not think there has been any irregularity, and we do not regard our action as in any way extending favor or lenity. We sustain the bill as regular.

We also think the writ of error was regularly sued out and returned. By the common law practice, a *scire facias ad audiendum errores* was necessary after the writ was returnable, and under that the representatives of a deceased party could be brought in. We think that course would be regular here. But, inasmuch as in ordinary cases we have provided a more summary practice, by filing and serving an assignment, we propose, now that the matter has been brought to our attention, to adopt rules which will apply to such cases as the present, and the parties can, if they please, follow them, instead of resorting to the somewhat inconvenient writ of *scire facias*.

The proceedings, however, being regular throughout, the motion must be denied.

The other Justices concurred.