GEORGE W. CARR et al., Appellants, against THE HILLS ARCHIMEDEAN LAWN MOWER COMPANY, Respondents.

(Decided June 1st, 1885).

By consent of the parties to an action, an order of reference to hear and determine the whole of the issues was changed into an order requiring the referee to find upon certain questions, and directing that he make one or more interlocutory reports, which reports should form part of his final report disposing of the ultimate rights of the parties to the action on the issues raised in it. The referee made one such report, to which report neither party took any exception, and made thereafter a final report, in which he found the amount of damages. Judgment was entered up upon both reports for the amount of damages so found. *Held*, that upon an appeal from the judgment the matter embraced in the first report could not be reviewed; but that it was competent for the General Term to set aside the judgment for error in the second report, and direct a re-assessment of the damages, leaving the first report unaffected by the decision on the appeal.

APPEAL from a judgment of this court entered upon the report of a referee.

The facts are stated in the opinion and in the report of the decision upon a former appeal in the same case (see 12 Daly 332).

*John L. Logan*, for appellants.

*Charles D. Adams,* for respondent.

CHARLES P. DALY, Chief Justice.—This case is distinguishable from the case on which the appellant relies, of *Wolstenholme* v. *The Wolstenholme File Manufacturing Co.* (64 N. Y. 272), which was an appeal to the Court of Appeals, from an inferior court, in which it was held, that in an action for damages, judgment could not be affirmed for one item and a new trial ordered as to another, the reason given being that if that were permitted upon such appeals to the Court of Appeals different parts of the same cause might be separated, one part being in the court of original jurisdiction, and the other in the court of last resort (*Story* v. *The New York & Harlem R. R. Co.*, 6 N. Y. 85). But this is a case originating in this court and which is still here, in which the parties by consent changed the order of reference to hear and determine the whole of the issues into an order by which the referee was required to find upon certain questions, and by which he was directed to make one or more interlocutory reports, upon the several issues referred to him, as he might deem proper, all of which reports, it was provided by the order of reference, should form part of his final report disposing of the ultimate rights of the parties to the action on the issues raised in it.

In pursuance of this direction the referee made a report upon what he calls the first branch of the case, to which report neither the plaintiffs nor the defendants took any exception. This report was, by the acts of the parties, an interlocutory judgment, within the meaning of § 1317 of the Code; and the referee having made thereafter a final report, in which he found the amount of damages, judgment was entered up for the amount of damages so found upon both reports, both being referred to in the order for judgment. No exception was taken by either party to the first report, and on the appeal from the judgment the matter embraced in that report could not be reviewed.

What the appellants brought up for review was the referee's ruling and finding in respect to the measure of dam-

ages in the last report, and the whole case being in this court it was competent for the General Term to set aside the judgment for error in the second report, and provide that there should be a re-hearing of the matter which had been embraced in that report, which was what the court did, by directing a re-assessment of the damages, leaving the first report unaffected by the decision upon the appeal. What the General Term meant was, that there should be a re-hearing upon the subject of the measure of damages, and that the finding of the referee upon all other matters should remain as in the report filed by him. This the General Term could do, the case being in this court; for the court of original jurisdiction may do what the court to which the record has been removed for review cannot, as the record always remains in the court below; and it is a transcript of it only that is sent to the court above (*Tully* v. *Sparkes*, Ld. Raym. 1570; *Rex* v. *North*, 2 Salk. 565; *Tillotson* v. *Cheetham*, 3 Johns. 99; *Brown* v. *Clark*, 3 Id. 443; *Wolfe* v. *Horton*, 3 Caines 87; Code Civ. Pro. § 1315).

The plaintiff therefore had no right to go again into the subject matter of the first report. He had taken no exceptions to it, and was concluded as to the form of that interlocutory judgment by the order of reference as changed with his assent.

It may be said that the plaintiff has, by his own act, converted the reference into one in the nature of a procedure in equity, and it does not lie with him now, after an elaborate trial has been had, of the matters embraced in the first report, and to which, during the time given by law, he filed no exceptions, to have that whole matter opened up again and re-tried.

This disposes of the principal point upon this appeal.

The exclusion of the evidence as to the sale to Markt & Co. was immaterial, as the parties subsequently agreed as to the amount of damages upon those sales; and this applies also to the question excluded at pages 521 and 522 of the case, which were all the questions in respect to the exclu-

sion of testimony that have been brought to our attention on the appellants' points.

The judgment should be affirmed.

ALLEN, J., concurred.

Judgment affirmed.