Argued March 23;  decided April 12, 1897.

## JACOBS v. OREN.
(48 Pac. 431.)

1. Appeal from Justice's Court—Correcting Record.—The jurisdiction of the Circuit Court on appeal from a Justice's, cannot be defeated by affidavit that the justice, in contravention of his duty, failed to enter in his docket a matter material to the issue; the proper remedy in such case is a nunc pro tunc order from the justice correcting the record.

2. Justification of Sureties on Appeal from Justice's Court.—In the absence of a demand by the adverse party the sureties on an undertaking on appeal from a Justice's Court need not justify in open court before the judge.

3. Justice's Court—Docket Entry Showing Stay of Proceedings.—The requirement of section 2122, Hill's Code, that a justice of the peace shall make an entry in his docket when an appeal is prosecuted from his decision showing whether or not the proceedings are stayed, is probably intended to be only directory; but whether directory or mandatory, a failure to make such an entry will not be allowed to defeat the appeal, since the omission can be remedied by application to the justice.

4. Appeal from Justice's Court—Time for Filing Transcript.—The transcript on appeal from a justice of the peace may be filed with the clerk of the Circuit Court at once after the appeal has been allowed: *Hughes* v. *Clemens*, 28 Or. 440, followed.

5. New Trial—Setting Aside a Verdict.—Where defendant admitted that he owed part of the sum demanded, the judge very properly set aside a verdict in his favor, and granted a new trial.

6. Pleading Tender—Costs.—A defendant desiring to avoid the payment of costs by virtue of a tender under section 561 of Hill's Code, must allege that before the commencement of the action he tendered to plaintiff an amount in satisfaction of his demand, and now brings the same into court and deposits it for plaintiff.

7. Costs—Proof of Tender.—Where defendant alleged a tender and deposit in court of that part of the sum admitted to be due, a verdict in favor of plaintiff for that sum does not of itself show that the allegations of tender and deposit were found to be true, so as to entitle defendant to recover his costs, without a special finding to that effect.

From Benton:   J. C. Fullerton, Judge.

Action by A. Jacobs against Levi Oren, in Justice's Court.  On appeal to the Circuit Court, plaintiff recovered

judgment for a part of the amount claimed, together with his costs and disbursements, and defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Walter S. Hufford, F. M. Johnson* and *E. E. Wilson*, with an oral argument by *Mr. Hufford*.

For respondent there was a brief and an oral argument by *Messrs. J. Fred Yates* and *A. L. McFadden*.

Opinion by MR. CHIEF JUSTICE MOORE.

This action was commenced in a Justice's Court of Benton County to recover the sum of $15, alleged to be due on account of the rent of certain premises leased by the plaintiff to the defendant. The answer denies any indebtedness on said account greater than the sum of $2.50, which amount it is alleged was tendered plaintiff before the commencement of the action. A reply having put in issue the allegations of new matter contained in the answer, a trial was had, resulting in a verdict and judgment in favor of the defendant, from which the plaintiff appealed. In the Circuit Court the defendant moved to dismiss the appeal, assigning as a reason therefor, inter alia, that the transcript failed to show that he tendered in open court the amount admitted to be due plaintiff; but, this motion being overruled, a trial was had, resulting in a verdict for the defendant, whereupon counsel for plaintiff moved the court for a judgment for the sum of $2.50 non obstante verdicto, and for the costs and disbursements of the action. The court overruled this motion, but set the verdict aside, and granted a new trial. Thereafter the defendant was permitted to amend his answer by inserting, after the allegation of tender, the words, "and now brings the same into court"; and, this matter being put

in issue by the reply, another trial was had, resulting in a verdict for plaintiff in the sum of $2.50, whereupon defendant's counsel, based upon their client's affidavit, which showed that he had deposited with the justice who tried the action the sum of $2.50, moved the court for a judgment for his costs and disbursements, which motion being overruled, a judgment was given on the verdict and in favor of the plaintiff for $2.50, and the costs and disbursements, from which the defendant appeals.

1. It is contended by counsel for the defendant that the transcript from the Justice's Court is fatally defective, in that it fails to recite that the defendant, upon filing his answer, deposited in that court the amount of money tendered the plaintiff; and that, such being the case, the court erred in its refusal to dismiss the appeal. It was incumbent upon the plaintiff to file with the clerk of the Circuit Court a transcript containing a copy of the material entries in the justice's docket relating to the cause on appeal (Hill's Code, § 2125); and it must be presumed that this duty was fully performed, as the justice's certificate to the transcript states, in effect, that it contains a copy of every docket entry made by him in the action. If he had omitted any entry made in his docket, which the trial court might have considered material to the cause on appeal, the defendant, by suggesting a diminution of the record, could have obtained a rule on the justice requiring him to complete the transcript by adding a copy of such entry thereto: 2 Enc. Pl. & Pr. 305; Elliott's Appellate Court Procedure, § 217. The defendant does not claim, however, that any docket entry was omitted from the transcript, but that the justice, neglecting to comply with the requirements of subdivision 13 of section 2055, Hill's Code, to the effect that he shall enter in his docket all matters which may be material, failed to make an entry therein showing the alleged deposit in his court. If the

affidavit relied upon to show such neglect be sufficient to defeat the apparent jurisdiction of the Circuit Court, it must be admitted that the perfecting of an appeal from a Justice's Court would be a difficult matter, and jurisdiction would be made to depend upon the showing made by the affidavits of the respective parties that the justice either did or did not enter in his docket all matters material to the issue. The method of obtaining jurisdiction on appeal has been prescribed by statute, and, when complied with, the fact is ascertainable from an inspection of the record in the apellate court, and hence jurisdiction cannot be conferred or defeated by the affidavits of the parties. If the defendant was injured by the failure of the justice to make the proper entries in his docket, he had a remedy by applying to that court to correct and amend the record made therein: Elliott's Appellate Court Procedure, § 206. A nunc pro tunc order, upon proper notice to the adverse party, could have been obtained and entered, thereby correcting the record; and the right to make this correction could not be denied because the action had been transferred to the Circuit Court, since the justice would be merely putting upon record the evidence of an order which had theretofore been duly made, and, when certified by him to the Circuit Court, the transcript would then be complete.

2.  It is also claimed that the transcript is defective because it fails to show that the sureties in the undertaking on appeal justified, and that the justice failed to make an entry in his docket to the effect that the proceedings were thereby stayed. The justice is required to enter in his docket a memorandum of the undertaking and the justification of the sureties therein (subd. 10, § 2055, Hill's Code); but, since the sureties in such an undertaking are not obliged to justify unless so required by the adverse party (Id., § 2123), it is evident that, in the

absence of such a request, there need be no justification nor entry concerning it.

3. The justice is also required to state whether or not the proceedings are stayed by the appeal: Code, § 2122. This the transcript fails to show, but we think the requirement is directory only, and intended merely to furnish a foundation for the recall of an execution which may have been issued; but, however this may be, any failure of the justice in this respect could have been corrected in the manner hereinbefore indicated, and ought not to defeat an appeal taken in the manner prescribed by law.

4. It is claimed that the justice made out and delivered the transcript to the plaintiff on the day the appeal was allowed, thereby depriving the defendant of his right to except to the sureties in the undertaking, and that, this being so, the appeal was prematurely taken, in which case the Circuit Court failed to acquire jurisdiction. This question has already been decided adversely to defendant's contention, this court holding in a late case that the transcript might be filed with the clerk of the Circuit Court immediately after the appeal has been allowed by the justice: *Hughes* v. *Clemens*, 28 Or. 440 (42 Pac. 617).

5. It is next contended that the court erred in setting aside, on its own motion, the verdict rendered at the first trial. It will be remembered that the answer admitted that there was due and had been tendered the plaintiff the sum of $2.50, but it did not show that the tender had been kept good by alleging a deposit in court, as was required by the statute: Hill's Code, § 561; *Holladay* v. *Holladay*, 13 Or. 523 (11 Pac. 260). "The tender," says WOODS, J., in *Stowell* v. *Read*, 41 Am. Dec. 714, "does not discharge the debt, for an action lies as well after the tender as before to enforce the payment of it; and the creditor cannot maintain trover for the money that has been tendered and not accepted. On the contrary,

the debtor may, from the moment it is refused, appropriate it to his own use.  Indeed, the only effect of a tender is to enable the debtor who has made it, and keeps it ready for the creditor, to escape the payment of the costs of any action that may be commenced to recover the debt, by showing that he has done, and is ready to do, all that is in his power to perform his contract, and that, although the debt is not paid, it is no fault of his." Upon the admission in the answer, it was incumbent upon the court to instruct the jury that they should find for the plaintiff in the amount so conceded to be due—and it must be presumed, in the absence of any showing to the contrary, that this duty was fully performed (Hill's Code, § 776, subd. 15)—notwithstanding which they found for the defendant, clearly contrary to such instructions, in view of which the court very properly set aside the verdict, and granted a new trial:   16 Am. & Eng. Enc. Law (1st Ed.), 552; *Friendly* v. *Lee*, 20 Or. 202 (25 Pac. 396).

6.   It is also insisted that the record discloses that the defendant, after having tendered the amount acknowledged by him to be due, deposited the same with the justice, and, the verdict being for the amount so deposited, he was entitled to a judgment for his costs and disbursements.   A defendant desiring to avoid the payment of costs must allege that before the commencement of the action he tendered to the plaintiff an amount in satisfaction thereof, and now brings the same into court and deposits it for plaintiff:  Hill's Code, § 561.

7.   The defendant did not allege in the Justice's Court that he made this deposit, nor in the Circuit Court until the second trial of the action;  but, assuming, without deciding, that he had a right to so amend his answer in the latter court, what is there in the record to show that such allegation of tender was found to be true?  It must be admitted that the verdict was for the amount claimed

to have been deposited, but the jury may have reached the conclusion that that amount was due the plaintiff from the admission in the answer, and not from any proof of a tender or deposit in court. The defendant could have obtained a special finding by the jury upon this question— and thus show his right to exemption from the payment of costs (Hill's Code, § 561); but, having failed to do so, there is nothing in the record to show that the allegations of tender were found to be true. There being no error in the record, the judgment is affirmed.

AFFIRMED.