Argued 20 October, decided 28 November, 1904.

## HAGER *v.* KNAPP.

[ 78 Pac. 671.]

Appeals From Justice's Courts — Supplying Diminished Records.

1. The authority of circuit courts in Oregon to correct records in cases appealed from justice's courts, or to supply omissions from such records, not being controlled by statute, is found in the inherent power of superior courts to control inferior tribunals, and is discretionary.

Discretion in Supplying Diminished Record

2. Though a superior court may, on its own motion, award a certiorari to a justice's court to correct a transcript on appeal, when an inspection thereof discloses that important parts of the record have been omitted, the general rule is that it will not do so when by failure or neglect of the appellant the transcript is too imperfect to show affirmatively the grounds of error relied upon.

Idem — Discretion — Case in Question.

3. Where a transcript on appeal from a justice disclosed that the original papers filed with the justice as exhibits were not attached, but no affidavit was filed by appellants showing that the omissions were injurious, or attempting to excuse their neglect, or disclosing when they first became aware of the fact, it was not an abuse of the circuit court's discretion to refuse a motion to permit an amendment of the record.

When and for What Purposes Circuit Court Acquires Jurisdiction of a Case Appealed From a Justice's Court.

4. Under Section 2246, B. & C. Comp., providing that when a transcript from a justice's court is filed in a circuit court the appeal is to be deemed perfected, the circuit court acquires jurisdiction for all purposes with full power to supply defective records when a transcript has been filed following a sufficient notice of appeal and a bond, though such transcript does not contain all that the statute requires.

Justice's Courts — Costs on Dismissing Appeal.

5. After a circuit court has acquired jurisdiction of a case appealed from a justice's court it may give judgment for costs on dismissing the appeal.

From Polk: George H. Burnett, Judge.

Statement by Mr. Chief Justice Moore.

Action by B. Hager against L. E. Knapp and another. It was commenced in a justice's court in Polk County to recover money, and, an answer having been filed, the cause was tried and judgment rendered against defend-

ants, to review which they served a notice of appeal on plaintiff, gave the required undertaking, and within the time prescribed by law filed in the circuit court for that county a transcript of all the docket entries of the cause, but the justice failed to annex thereto any of the original papers filed with him. Based on the neglect in this particular, plaintiff's counsel, on the first day of the circuit court for that county next following the allowance of the appeal, moved to dismiss it; and two days thereafter defendants' counsel filed a cross-motion for a rule on the justice requiring him to annex the omitted papers to the transcript, and to amend his certificate thereto so as to show a compliance with the order desired. The latter motion was denied, the appeal dismissed, and judgment rendered against defendants for costs, and they appeal to this court.                                    AFFIRMED.

For appellants there was a brief over the names of *Julius N. Hart, W. H. Holmes,* and *Webster Holmes,* with an oral argument by *Mr. William H. Holmes.*

For respondent there was a brief and oral argument by *Mr. Oscar Hayter.*

MR. CHIEF JUSTICE MOORE delivered the opinion.

The statute regulating the transfer of a cause on appeal from a judgment given in a justice's court is as follows: " On or before the first day of the term of the circuit court next following the allowance of the appeal, the appellant must cause to be filed with the clerk of such circuit court a transcript of the cause. The transcript must contain a copy of all the material entries in the justice's docket relating to the cause or the appeal, and must have annexed thereto all the original papers relating to the cause or the appeal and filed with the justice. Upon the filing of the transcript with the clerk of the circuit court, the appeal is

45 OR.——33

perfected, and thenceforth the action shall be deemed pending and for trial therein as if originally commenced in such court, and such court shall have jurisdiction of such cause and shall proceed to hear, determine, and try the same anew, disregarding any irregularity or imperfection in matters of form which may have occurred in the proceedings in the justice's court": B. & C. Comp. § 2246. An appeal from a judgment or decree given by a circuit court having been taken and perfected, the appellant is required to file with the clerk of this court a transcript of the cause: B. & C. Comp. § 553. When it appears by affidavit to the satisfaction of the supreme court that the transcript is incomplete in any particular substantially affecting the merits of the judgment or decree appealed from, it shall, on motion of the respondent, or may on the cross-motion of the appellant, make a rule upon the clerk correcting such omissions: B. & C. Comp. § 554. The statute contains no provision authorizing the circuit court to issue a rule on the justice commanding him to correct omissions in transcripts issued from his court. It does embrace, however, the following clauses, as tending to show the liberal policy relating thereto prescribed by the legislative assembly, to wit: "The appellate court may, in furtherance of justice and upon such terms as may be just, allow the pleadings in the action to be amended so as not to substantially change the issue tried in the justice's court, or to introduce any new cause of action or defense": B. &. C. Comp. § 2247. "An appeal cannot be dismissed on the motion of the respondent (or) on account of the undertaking therefor being defective, if the appellant, before the determination of the motion to dismiss, will execute a sufficient undertaking and file the same in the appellate court, upon such terms as may be deemed just": B. & C. Comp. § 2249. An inspection of the enrolled bill on file in the office of the Secretary of State discloses that the word "or,"

placed in parentheses in the section last quoted, does not appear in the original record.

1. Though the duty is imposed on an appellant to see that a sufficient transcript or abstract of the proceedings in the court below is filed in the appellate court, if he presents an imperfect copy, the latter court, on suggestion of a diminution of the record, may, by certiorari, by mandamus, or by a rule to show cause, compel the custodian of the record to certify up for amendment any omission therefrom : 3 Cyc. 114. Every superior court, as an incident to and in aid of its appellate jurisdiction, possesses plenary power to compel, in a summary manner, an inferior court, tribunal, or officer to perform the obligation which the law enjoins on each, respectively, relating to the transfer of causes on appeal : *Che Gong* v. *Stearns*, 16 Or. 219 (17 Pac. 871); *McElvain* v. *Bradshaw*, 30 Or. 569 (48 Pac. 424). Thus, in *Bourne* v. *Mackall*, 1 Har. & G. 86, the record of the proceedings intended to be reviewed on a writ of error not having been sent up as required by law, a rule was issued requiring the plaintiff in error and the clerk of the lower court to show why a transcript had not been returned to and filed in the court of appeals.

The remedy adopted by a superior court to compel an inferior tribunal to supply omissions, on suggestion of a diminution of the record, is generally classed in text-books on new trial and appeal under the title of " Certiorari " (2 Enc. Pl. & Pr. 305); but, by whatever name it may be called, the relief granted is practically identical. In this State a writ of certiorari being known as a " writ of review" (B. & C. Comp. § 594), the process by which a defective transcript on appeal is amended on suggestion of a diminution of the record is denominated a "rule" (B. & C. Comp. § 554); but the latter procedure is analogous to a writ of mandamus, in that it compels an inferior court or person to perform an act which the law specially enjoins

as a duty resulting from an office, trust, or station: B. & C. Comp. § 604. It is also similar to a writ of certiorari, in that it requires such court or person to certify as to an alleged omission in a transcript, and, if true, to transmit to the appellate court a certified copy thereof (B. & C. Comp. § 554), and hence the issuing of the rule must necessarily be a matter of sound discretion.

At common law the Court of King's Bench had a general supervision over inferior tribunals, and might not only award a certiorari to a court of inferior jurisdiction, but also to persons invested with power to decide on the rights of parties. In the absence of a statute, the inherent power over inferior tribunals which was lodged in the Court of King's Bench in England is exercised by the courts of superior jurisdiction in the United States: 4 Enc. Pl. & Pr. 12, 14. In *State* v. *Orrick*, 106 Mo. 111 (17 S. W. 176, 329), it was held that the issuance of a writ of certiorari to correct a record on appeal was discretionary, the court saying: "No showing was made by defendant by affidavit or by other evidence that the transcript was incorrect. The writ does not issue as a matter of right, on mere suggestion of defects. The application should have been supported by evidence that the record was defective." In *Curry* v. *Woodward*, 50 Ala. 258, it was ruled that a certiorari would not be awarded by the supreme court, at the instance of the appellant, to bring up pleadings alleged to have been omitted from the transcript, in the absence of a showing as to the contents of the omitted papers, or the time when the moving party discovered the defects in the record, or the diligence exercised by him in attempting to cure the imperfections.

2. In appeals from judgments given in justice's courts, the discretion of the circuit court in the issuance of a rule to correct omissions in a transcript is not restricted by statute, and its refusal in the case at bar to require the

justice to attach to the transcript the original papers filed
with him cannot be reviewed, except for an abuse of the
inherent power with which it is invested. It was the duty
of the defendants to secure from the justice and file with
the clerk of the circuit court a sufficient transcript on ap-
peal, and the failure to do so is presumably attributable to
their neglect. Though a superior court may on its own
motion award a certiorari to correct a transcript when an
inspection thereof discloses that important parts of the
record have been omitted, the general rule is that it will
not do so when by the failure or neglect of the appellant
the transcript is too imperfect to show affirmatively the ·
grounds of error on which he intends to rely: *Fisher* v.
*McNulty*, 30 W. Va. 186 (3 S. E. 593).

3. In *Scribner* v. *Gay*, 5 Mich. 511, it was held that though,
on a proper showing, an appellate court will compel bills
of exceptions to be corrected so as to conform to the facts,
it will not do so until it is shown that mistakes exist which
are injurious to the party applying for the corrections, the
court saying: "But until affidavits are presented estab-
lishing the existence of mistakes injurious to the applicant,
it would, in our view, be highly improper to interfere."
In the case at bar an inspection of the transcript filed in
the circuit court would have shown that the original papers
filed with the justice were not attached, but as no affidavit
was filed by the defendants, showing that the omissions
were injurious, or attempting to excuse their neglect, or
disclosing when they first became aware of the defect, the
trial court did not, in our opinion, abuse its discretion in
refusing to permit an amendment of the record.

4. It is contended by defendant's counsel that an error
was committed in rendering judgment against their clients
for costs. The power of the circuit court to give any other
judgment than that of a dismissal must rest on its having
jurisdiction of the appeal. It will be remembered that the

statute confers on the circuit court jurisdiction of an appeal from a judgment given in a justice's court upon the filing of a transcript, which must contain a copy of all the material entries in the justice's docket relating to the cause, and have annexed thereto all the original papers pertaining to the appeal, before it becomes "a transcript of the cause." The statutory requirement that only material entries made in the justice's docket are to be transcribed and sent up to be filed with the clerk of the circuit court presupposes the omission of unimportant memoranda, though entered in such docket. A justice of the peace being authorized to omit unessential minutes from the copy of the record, it is not to be supposed that the legislative assembly intended that, because of his inability to distinguish between material and immaterial entries in his docket, jurisdiction of the appeal was to be deferred on that account. To assume that an appeal should be dismissed because of such error is to concede that the statute prescribing what shall constitute a transcript of the cause was designed as a trap to defeat the rights of an appellant. We think there can be no doubt that, notwithstanding a failure to make a copy of all the material entries in the justice's docket relating to an appeal, the circuit court will not be deprived of jurisdiction; and, this being so, no reason exists why the right to hear and determine a cause is not conferred when a copy of the record sent up does not have attached thereto some of or all the original papers pertaining to the case that were filed with the justice.

Appeals from judgments given in justice's courts are tried *de novo* in the circuit court (B. & C. Comp. § 2246). and much weight must be attached to the pleadings filed in the inferior tribunal; but the all-important step in the procedure that confers jurisdiction of the appeal, as we view it, is the filing, within the time prescribed by law, of what might reasonably be considered a transcript of the cause,

showing the rendition of a judgment complained of, a notice of appeal, an undertaking therefor, and the allowance thereof, or, in other words, the filing of a copy of the material entries in the justice's docket. An appeal from a judgment rendered by the circuit court having been perfected, the appellant, within thirty days thereafter, is required to file with the clerk of the supreme court a transcript or an abstract of so much of the record as may be necessary to present intelligibly the questions to be decided, etc., "and thereafter the appellate court shall have jurisdiction of the cause, but not otherwise": B. & C. Comp. § 553. When it appears to the satisfaction of the supreme court that the transcript filed is incomplete in any particular substantially affecting the merits of the judgment or decree appealed from, the omission may be corrected by a rule upon the clerk of the court below: B. & C. Comp. § 554. If it were not that the latter section modifies the preceding, it is quite probable that as the supreme court secures jurisdiction of an appeal in the manner prescribed, but "not otherwise," a failure strictly to comply with the statutory requirements would prevent jurisdiction of an appeal from ever attaching. The statute regulating appeals from judgments given in a justice's court does not provide that jurisdiction shall be conferred in the manner prescribed but "not otherwise," and, in the absence of the quoted words, we think that when a proper notice of appeal has been given or served, and the appellant makes an honest effort to give an undertaking on appeal, and files with the clerk, within the time limited, what might reasonably be considered a transcript of the cause, the circuit court has jurisdiction, and may, in its discretion, by rule on the justice, correct any omissions in the record, even to the supplying of the entire original papers relating to the appeal that have been filed with the justice.

5. In the case at bar these several steps in the procedure were taken, and, believing from an inspection of the transcript that appellant's effort to perfect the appeal was honest, the circuit court secured jurisdiction of the cause, and was authorized to award a recovery of costs, which judgment is affirmed.          Affirmed.