<hr/>

Decided 12 June, 1905.

## WOODS v. OREGON SHORT LINE R. CO.

81 Pac. 235.

APPEAL FROM JUSTICE'S COURT—EFFECT OF DEFECTIVE TRANSCRIPT ON JURISDICTION OF JUSTICE'S COURT.

1. On appeal from a justice's court, the filing of a transcript, though imperfect, with the clerk of the circuit court within the time allowed by law, gives the circuit court jurisdiction.

DEFECTIVE TRANSCRIPT FROM JUSTICE'S COURT—RIGHT TO RULE TO SUPPLY DIMINISHED RECORD.

2. Where an appeal from a justice's court is taken in good faith, and the necessary undertaking given and the transcript filed with the clerk of the circuit court within the time allowed by law, appellant is entitled to a rule to compel the justice to amend and correct his certificate so as to show the facts.

From Baker:   ROBERT EAKIN, Judge.

Action by W. J. Woods against the Oregon Short Line Railroad Co.   From a judgment for plaintiff, defendant appeals.

REVERSED.

For appellant there was a brief over the names of *Parley Lycurgus Williams, Frank Sigel Deitrich* and *Albert Newman Soliss,* with an oral argument by *Mr. Soliss.*

For respondent there was a brief over the names of *Charles Elmer Norton* and *Hart & Smith,* with an oral argument by *Mr. William Smith.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is an action to recover damages for the killing of an animal belonging to the plaintiff, and originated in a justice's court.   On October 15, 1904, a judgment was recovered by the plaintiff against the defendant in such action for $249.50, from which defendant regularly appealed to the circuit court by giving notice and filing an undertaking as required by law.   This appeal was duly allowed by the justice.   A copy of what purported to be the entries in the justice's docket relating to the case and the appeal, together with the original complaint, summons, answer, notice to the defendant to produce certain evidence, motion for nonsuit, undertaking on appeal, and cost bill, were filed as one document with the clerk of the circuit court.   The copy of the entries in the justice's docket were certified to by him to be "a correct copy of said judgment, and of the whole thereof, as it appears of record in my office and custody," but there was no certificate that it was a copy of all the material entries in the docket relating to the cause or the appeal, or that all or any part of the original papers were attached thereto.   Some time after the first day of the next term of the circuit court the plaintiff moved to dismiss the appeal on the ground that it did not appear that the transcript as filed contained all the material entries in the justice's docket, nor that all the original papers relating to the case or the appeal, and filed with the justice, were attached to the transcript, and, generally, that the transcript was insuf-

ficient to confer jurisdiction on the court to hear and try the cause. Before this motion was disposed of, the defendant asked for a rule on the justice requiring him to amend and correct his certificate by stating whether the transcript contained all the material entries in his docket, and whether all the original papers were attached thereto. The motion for a rule on the justice was overruled, and the appeal dismissed, because a transcript, as provided by Section 2246, B. & C. Comp., was not filed within the time allowed by law, and therefore the court was without jurisdiction other than to dismiss the appeal.

1. Prior to the recent decision of *Hager* v. *Knapp,* 45 Or. 512 (78 Pac. 671), there was some question in the courts and at the bar as to whether the circuit court acquired jurisdiction on an appeal from a justice's court unless a perfect transcript was filed with the clerk of the circuit court on or before the first day of the term next following the allowance of the appeal, but that decision settled the law to the effect that the filing of an imperfect transcript with the clerk of the circuit court within the time allowed by law gave such court jurisdiction, and the right thereafter to permit an omission or defect in the transcript to be corrected, but that its refusal to do so cannot be reviewed on appeal, except for an abuse of discretion. Under this decision the court below was in error in holding that it was without jurisdiction, and in dismissing the appeal for that reason, and, since it did not exercise any discretion in the matter of sustaining or overruling the motion to correct the transcript, the question of an abuse of discretion is not in the case.

2. It appears from the record that the appeal was aparently taken in good faith, the necessary undertaking given, and the transcript filed with the clerk of the circuit court within the time allowed by law. The only defect is that the certificate of the justice was imperfect. This is merely technical, and did not affect the merits of the case, and we think the appellant should have been permitted to have the certificate amended so as to speak the truth and show the actual facts: *Coates* v. *Bryan* (Tex. Civ. App.), 40 S. W. 748.

Judgment reversed, and the cause remanded for further proceedings not inconsistent with this opinion.     Reversed.