Decided 31 July, 1906.
**SHAW** *v.* **HEMPHILL.**
86 Pac. 373.

JUSTICES OF THE PEACE—APPEAL—AUTHENTICATING TRANSCRIPT.

The transcript required by Section 2246, B. & C. Comp., to perfect an appeal from a justice's court to a circuit court, must be authenticated by the justice before whom the case was tried, or by some one whom he has authorized to affix his signature: *Jacobs* v. *Oren,* 30 Or. 593, distinguished. Unless so authenticated the transcript is void and the appeal cannot be sustained.

From Union: ROBERT EAKIN, Judge.

Statement by MR. JUSTICE MOORE.

This is an action of claim and delivery that was commenced in a justice's court of North Powder District, Union County, by William Shaw against Giles Hemphill and others, and, the cause having been tried, judgment was rendered against the

defendants as prayed for in the complaint, from which they appealed to the circuit court for that county. What purports to be a copy of the proceedings had in the justice's court and certain papers pertaining to the case were filed with the county clerk. The plaintiff's counsel moved to dismiss the appeal, on the ground that the transcript was insufficient to confer jurisdiction of the case. The motion was denied, and, the cause coming on for trial, the plaintiff declined to offer any evidence in support of the averments of his complaint, whereupon the action was dismissed, from which judgment he appeals to this court.                                                   Reversed.

For appellant there was a brief and an oral argument by *Mr. Charles Elmer Norton.*

For respondent there was a brief over the name of *B. F. Wilson,* with an oral argument by *Mr. Charles Harrison Carter.*

Mr. Justice Moore delivered the opinion of the court.

The plaintiff's counsel, in support of the moton to dismiss the appeal, filed his affidavit to the effect that he was acquainted with the handwriting of A. C. Rollins, the justice of the peace before whom the action was originally tried; that what appears to be his signature to the pretended transcript was not subscribed by him nor by any person authorized to do so, but his name was thus appended by an attorney whose name is stated; that certain papers accompanying the alleged transcript are not the ones originally filed in the cause nor were they ever filed; that the feigned transcript fails to show that the original papers relating to the cause, and filed in the justice's court, have been attached to the written copy of the proceedings, or filed with the clerk of the circuit court; that the plaintiff could not safely go to trial on the papers filed as a transcript herein, and that such affidavit was made in good faith from the records in this case, after conversing with the justice of the peace, and with the attorney who wrote the simulated transcript. After the motion to dismiss the appeal was denied, but before the case was called for trial, plaintiff's

counsel interposed another motion for the same purpose, based on the same grounds, and also filed a supplemental affidavit in support thereof, to which was attached what purported to be a letter which he had received from the justice of the peace mentioned, in which affidavit the maker thereof states that he knows that the letter referred to was written by A. C. Rollins, who is such justice. The latter motion was also denied without any counter affidavits having been made to either motion.

The original transcript and the papers filed in the circuit court have been sent up as an exhibit in the case. An examination of these papers discloses that what purports to be the summons, the complaint, the affidavit for the delivery of the property sued for, and the plaintiff's written demand to the sheriff of that county, or to any constable therein, to take possession thereof, and the undertaking given as indemnity to such officer therefor, were fastened to a sheet of paper on the back of which are written the title of the court and cause and also the words "original complaint." As evidencing the filing thereof, the name "A. C. Rollins," as justice of the peace, is written on the back of the paper mentioned, but the handwriting does not appear to correspond with the signature to the letter which is attached to the affidavit of plaintiff's counsel. The papers adverted to, though marked "original," are evidently copies only. The summons has the name of the justice of the peace written on a slip of paper and pasted to a typewritten writ, requiring the defendants to appear in the action and answer the complaint at a time stated. It would seem that the person who wrote the letter alluded to signed the name "A. C. Rollins" on the following papers: The replies, the motion to strike one of them from the files, the motion to require plaintiff to give an undertaking for costs, the affidavit in support thereof, the motion for a judgment of nonsuit, the notice of appeal, and the undertaking therefor. The transcript so objected to pretends to detail the proceedings had in the justice's court from the inception of the action until the filing of the undertaking on appeal, and concludes with a certificate

to the effect that the written copy is a true and correct transcript of the entitled cause and of the whole thereof as the same appears of record in the office and custody of the justice of the peace. The name "A. C. Rollins," as appended in attestation of the transcript, was manifestly not written by the person who subscribed his name to the letter which has been sent up to· this court, and identified as the handwriting of the justice of the peace who tried the action. An inspection of that manuscript shows that Mr. Rollins does not wield a facile pen, the cause of which is not disclosed, but whatever it may be, we are aware of no reason why, under such circumstances, another person at his direction or with his knowledge· and consent could not legally subscribe his name to a transcript or to evidence the filing of papers. A court will take judicial knowledge of the accession to office and of the official signatures of the principal officers of government in the judicial department of this state: B. & C. Comp. § 720, Subd. 5. Whether a justice of the peace may be regarded as a principal officer of the judicial department of whose official signature judicial knowledge will be taken without any proof thereof, is not necessary to inquire, for the validity of the signature of Rollins to the certificate appended to the transcript having been challenged by the affidavit of plaintiff's counsel in the manner indicated, it was incumbent upon the defendants to prove that the signature was genuine, or that it was made by a person who had previous authority to sign the name of the justice of the peace to the papers which were sent up to the circuit court.

The right to re-examine a judgment rendered in a justice's court is initiated. by the appellant's giving within the time prescribed a notice of appeal, and an undertaking therefor, and is perfected by his causing to be filed with the clerk of the circuit court, within the period limited, a transcript of all the material entries in the justice's docket, relating to the action, and having annexed thereto all the original papers pertaining to the cause on appeal that have been filed with the justice: B. & C. Comp. §§ 2239, 2241 and 2246. As an appeal is not

perfected until the transcript has been filed, jurisdiction of
the cause is not secured until there has been a compliance in
this respect with the conditions which the statute imposes. A
transcript on appeal is authenticated by the officer who has
legal control of the papers relating to a suit or action and cus-
tody of the record of a judgment or decree which has been
rendered therein. Without such verification the transcript is
void and may be stricken out on motion: 2 Ency. Pl. & Pr. 285.
It is therefore the certificate of a qualified justice of the
peace, authenticating what purports to be a transcript of the
proceedings had in an action terminating in a judgment that
perfects an appeal and confers jurisdiction of the cause upon
the circuit court, if the proper initiatory steps have been taken
within the time prescribed by law. When a purported tran-
script on appeal from a judgment rendered in a justice's court
is thus authenticated, the circuit court for the county
in which the action was tried possesses plenary power,
on suggestion of a diminution of the record, to cause any
matter that has been omitted or that appears defective to
be recertified so as to make what seems to be the written copy
correspond with the facts, and to ascertain therefrom whether
or not jurisdiction of the cause has been secured: *Jacobs* v.
*Oren,* 30 Or. 593 (48 Pac. 431) ; *Hager* v. *Knapp,* 45 Or. 512
(78 Pac. 671). In the case at bar the validity of the certifi-
cate annexed to the pretended transcript is challenged, and a
statement is made under oath that the name of the justice of
the peace subscribed to such authentication was not written by
him nor by any person who had authority to affix his signa-
ture thereto. No counter affidavits having been filed, the fact
so stated is practically admitted, thereby conclusively showing
that the circuit court never secured jurisdiction of the cause
and should have dismissed the appeal. The action of the court
in denying the motion to dismiss the appeal was evidently based
on the decision in *Jacobs* v. *Oren,* 30 Or. 593 (48 Pac. 431),
where it was held that jurisdiction of an appeal from a judg-
ment rendered in a justice's court cannot be defeated by affi-

davit that the justice, in violation of his duty, failed to enter in his docket a matter material to the issue, the proper remedy in such a case being a *nunc pro tunc* order from the justice correcting the record. The holding in that case was applicable to the facts involved, but the rule thus stated cannot be universally employed. If the justice who tried the action procured another person to subscribe his name to the certificate to the transcript, he should have so stated the fact in an affidavit. Jurisdiction could have thus been established in the circuit court, which, on suggestion of a diminution of the record, could have caused the original papers pertaining to the appeal to have been brought up and such other amendments made as might be necessary to make the transcript correspond with the facts. An error having been committed by the court, the judgment is reversed, and the cause remanded, with direction to sustain the motion to dismiss the appeal, or for such other proceedings as may be necessary, not inconsistent with this opinion.                                              REVERSED.

<div align="center">

Decided 31 July, 1906.