Argued May 7, affirmed June 2, 1914.

## YANKEY *v.* LAW.

(142 Pac. 336.)

**Justices of the Peace—Supervisory Control—Rule to Compel Correction of Transcript.**

1. Under Article VII, Section 9, of the Constitution, vesting the Circuit Court with supervisory control over all inferior courts, a Circuit Court may compel in a summary manner an inferior court to perform a duty relating to the transfer of causes on appeal, and may issue a rule for that purpose on a justice of the peace requiring him to correct omissions in a transcript, though no statute authorizes such a rule.

**Justices of the Peace—Appeal—Correction of Record.**

2. On appeal from the entire judgment of a justice of the peace, including that part of it awarding costs to the plaintiff, where the Circuit Court awarded the same judgment as the justice, the issuance of a rule to the justice, requiring him to amend the transcript, so as to show the actual facts as to allowance of costs, was proper, even after the trial in the Circuit Court.

  [As to remedy for correction of error in justice's court, see note in Ann. Cas. 1913E, 74.]

From Union: JOHN W. KNOWLES, Judge.

This is an action by W. R. Yankey against C. H. Law. From a judgment in favor of plaintiff, defendant appeals. The facts are set forth in the opinion of the court.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Lewis Z. Terrall.*

For respondent there was a brief and oral argument by *Mr. J. P. Rusk.*

Department 2. MR. JUSTICE MOORE delivered the opinion of the court.

This is an appeal by the defendant from a judgment overruling objections to a cost bill and taxing costs and disbursements incurred in the trial of a cause in a justice's court. The facts are that the plaintiff secured a judgment against the defendant in the justice's court of North Powder precinct, Union County, Oregon, for $18.75 as the remainder due upon the sale of a quantity of hay, and for $41.90 as the costs and disbursements. Seeking to review such determination, the defendant served and filed in the justice court a notice which stated that he appealed from the entire judgment, including that part of it "awarding costs to the plaintiff." The undertaking stated that the appeal was taken from the judgment rendered for the sum named, "and for $41.90 costs of action." Thereupon a transcript of the cause was filed in the Circuit Court for that county, but by inadvertence the justice omitted to send up the original cost bill. The cause was tried anew on appeal, resulting in a judgment for the plaintiff for the same sum recovered in the justice court. A verified cost bill was thereupon filed, containing, *inter alia,* the following: "Costs in justice court, $41.90." To this item an objection was interposed, on the ground that no cost bill therefor had been filed in that court. The objection was at first sustained, but at the same term of court, upon application therefor, supplemented by what purported to be

the original cost bill, filed the day judgment was given with the justice, and his certificate explaining its omission from the papers sent up, a rule was issued requiring him to amend the transcript, so as to set forth the actual facts of the case. Pursuant to such order the transcript was returned to the justice, who corrected the official copy by including the original cost bill, and thereupon returned all the papers. Upon the receipt thereof, the costs and disbursements as stated were allowed by the Circuit Court, which taxation the defendant seeks to review.

1. No statute of Oregon expressly authorizes the Circuit Court to issue a rule on a justice of the peace, commanding him to amend a transcript on appeal from his court. The organic law of the state vests the Circuit Court with supervisory control over all inferior courts. Article VII, Section 9 of the Constitution. Based on this prerogative, it has been held that, as an incident to and in aid of its appellate jurisdiction, a Circuit Court possesses adequate power to compel, in a summary manner, an inferior court to perform a duty which the law enjoins relating to the transfer of causes on appeal; and hence, when a Circuit Court, has obtained jurisdiction of a cause, it may, in its discretion, issue a rule on a justice of the peace, requiring him to correct omissions in a transcript from his court: *Hager* v. *Knapp,* 45 Or. 512 (78 Pac. 671); *Woods* v. *Oregon Short Line R. Co.,* 46 Or. 514 (81 Pac. 235); *Shaw* v. *Hemphill,* 48 Or. 371 (86 Pac. 373).

2. Invoking the rule announced in *State* v. *Jennings,* 48 Or. 483, 493 (87 Pac. 524, 89 Pac. 421), it is contended by defendant's counsel that, after the cause was tried on appeal in the Circuit Court, it was then too late to attempt to correct the transcript, and, such being the case, an error was committed in issuing the

rule on the justice, and in taxing the costs and disbursements incurred in his court. After a trial in this court of the cause referred to, the judgment was reversed, because the bill of exceptions did not sufficiently set forth the facts necessary to show that no error had been committed by the trial court. Within the time allowed to petition for a rehearing, a new bill of exceptions was sent up, and it was insisted that an error, forming the basis of the conclusion of the cause on appeal, was thus disclosed to be harmless. If, after the trial of an action at law by the Supreme Court, a new bill of exceptions could be brought up further to explain an alleged error that had been assigned and considered, so as to refute the decision reached on appeal, the ultimate conclusion might thereby be unnecessarily postponed. We adhere strictly to the rule adopted in this case, relied upon; but the legal principle thus promulgated is not applicable herein. So far as disclosed by the abstracts of the record in the case at bar, no objections were made in the justice's court to the costs and disbursements, or to any item thereof, as allowed and taxed therein. There was therefore no issue to be tried in the Circuit Court respecting any matter of that kind. The costs and disbursements incurred in the justice court were mere incidents of the judgment.

The trial court was empowered to order, and it did not abuse its discretion in requiring, the justice of the peace to amend and complete the transcript; and, this being so, the judgment is affirmed.      AFFIRMED.