Argued and submitted October 15, affirmed November 26, 1979

STATE OF OREGON,
*Respondent,*
*v.*
RICHARD WAYNE HELLESON,
*Appellant.*

(No. 11624, CA 13878)

602 P2d 1158

Deane Sterndale Bennett, Portland, argued the cause and filed the brief for appellant.

Edward E. Sites, Prineville, Deputy District Attorney, argued the cause and filed the brief for respondent.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

The defendant was charged with driving under the influence of intoxicants in violation of ORS 487.540, and was found guilty by the Justice of the Peace. He filed a notice of appeal to the circuit court. Within the time allowed by ORS 53.090 to file a "transcript of the cause," the defendant filed with the clerk of the circuit court a set of papers which he claims was the original justice court file. The trial court, on the state's motion, dismissed the appeal for the reason that "defendant's appeal has not been properly perfected in that defendant has not filed a certified transcript of the proceedings in the Justice Court below pursuant to the requirements of ORS 53.090, and this court is therefore without jurisdiction to hear the appeal."

The defendant appeals, contending that there was actual or substantial compliance with the statutes governing appeals from justice courts to circuit courts. We affirm.

Appeals from justice court to circuit court in criminal cases are taken in the same manner and within the same time limits as in the case of an appeal from a judgment in a civil action. ORS 157.030.

ORS 53.090 provides the procedure for appeals from justice court to the circuit court:

"Within 30 days next following the allowance of the appeal, the appellant must cause to be filed with the clerk of the circuit court a transcript of the cause. The transcript must contain a copy of all the material entries in the justice's docket relating to the cause of the appeal, and must have annexed thereto all the original papers relating to the cause or the appeal and filed with the Justice. Upon the filing of the transcript with the clerk of the circuit court, the appeal is perfected. Thenceforth the action shall be deemed pending and for trial therein as if originally commenced in such court, and the court shall have jurisdiction of the cause and shall proceed to hear, determine and try it anew, disregarding any irregularity or imperfection in matters of form which may

[465]

have occurred in the proceedings in the justice court. * * * "

We agree with the trial court that the following case is controlling:

"The right to re-examine a judgment rendered in a justice's court is initiated by the appellant's giving within the time prescribed a notice of appeal, and an undertaking therefor, and is perfected by his causing to be filed with the clerk of the circuit court, within the period limited, a transcript of all the material entries in the justice's docket, relating to the action, and having annexed thereto all the original papers pertaining to the cause on appeal that have been filed with the justice: B. & C. Comp. §§ 2239, 2241 and 2246.[1] As an appeal is not perfected until the transcript has been filed, jurisdiction of the cause is not secured until there has been a compliance in this respect with the conditions which the statute imposes. *A transcript on appeal is authenticated by the officer who has legal control of the papers relating to a suit or action and custody of the record of a judgment or decree which has been rendered therein. Without such verification the transcript is void and may be stricken out on motion: 2 Ency. Pl. & Pr. 285. It is therefore the certificate of a qualified justice of the peace, authenticating what purports to be a transcript of the proceedings had in an action terminating in a judgment that perfects an appeal and confers jurisdiction of the cause upon the circuit court,* if the proper initiatory steps have been taken within the time prescribed by law. When a purported transcript on appeal from a judgment rendered in a justice's court is thus authenticated, the circuit court for the county in which the action was tried possesses plenary power, on suggestion of a diminution of the record, to cause any matter that has been omitted or that appears defective to be recertified so as to make what seems to be the written copy correspond with the facts, and to ascertain therefrom whether or not jurisdiction of the cause has been secured: *Jacobs v. Oren,* 30 Or. 593 (48 Pac. 431); *Hager v. Knapp,* 45

---

[1] Codes and Statutes of Oregon § 2246 (Bellinger & Cotton 1902) is identical in all material respects to the portion of ORS 53.090 quoted above.

Or. 512 (78 Pac. 671)." *Shaw v. Hemphill*, 48 Or 371, 374-75, 86 P 373 (1906). (emphasis added)

The key to perfecting an appeal to the circuit court under ORS 53.090 and *Shaw v. Hemphill, supra*, is the filing of an authenticated transcript. The question is not whether the original file is better than or equal to an authenticated transcript. ORS 53.090 specifically provides that the transcript shall contain a copy of all the material entries in the justice's docket *plus* all of the original papers filed with the justice.

The defendant did not comply with ORS 53.090.

Affirmed.