Argued and submitted September 9, affirmed December 28, 1994

CITY OF ASTORIA,
*Respondent,*

*v.*

Brian SWEHLA,
*Appellant.*

(93-8241; CA A81890)

888 P2d 22

James C. Lygo argued the cause for appellant. With him on the brief were Wade V. Regier and Bullock & Regier, P.C.

Michael A. Autio argued the cause for respondent. With him on the brief was McCallister & Snow.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

On July 8, 1993, in an Astoria Municipal Court proceeding, defendant was convicted of driving under the influence of intoxicants. On July 30, he filed a notice of appeal with the Clatsop County District Court. On October 27, that court dismissed the appeal on the ground that defendant had failed to file a "transcript of the cause," as required by ORS 53.090. Defendant appeals the dismissal. We affirm.

A person who, after a hearing in a municipal court, is convicted of violating a city ordinance has the right to appeal the conviction to the district or circuit court. ORS 221.350. Appeals from a conviction in municipal court are "taken and perfected in the manner provided by law for taking appeals from justice courts * * *." ORS 221.350. In criminal matters, appeals from justice court to district court are governed by ORS 157.010 *et seq*, which provide that the appeal is to be taken in the same manner and within the same time as appeals from a judgment in a civil action.

ORS 53.090 provides, in pertinent part:

> "Within 30 days next following the allowance of the appeal, *the appellant must cause to be filed with the clerk of the appellate court a transcript of the cause.* The transcript must contain a copy of all the material entries in the justice's docket relating to the cause or the appeal, and must have annexed thereto all the original papers relating to the cause or the appeal and filed with the justice. Upon the filing of the transcript with the clerk of the appellate court, the appeal is perfected." (Emphasis supplied.)

It is undisputed that defendant timely filed a notice of appeal and that, on August 4, the Astoria Municipal Court clerk delivered the municipal court file to the district court clerk. The file had a certificate of authenticity declaring that the file was original and complete.

Appellant makes two arguments to try to avoid the statutory requirement that a transcript of the cause must be filed in order to perfect the appeal. *See State v. Helleson*, 43 Or App 463, 467, 602 P2d 1158 (1979).[1] He argues that the

---

[1] In *State v. Helleson*, we stated:

"The question is not whether the original file is better than or equal to an

Astoria Municipal Court does not keep a docket. However, on this record, there is no evidence about the recordkeeping of that court.[2]

Alternatively, appellant contends that the reason the court does not keep a docket is probably because the official abstract of record in traffic infraction and misdemeanor cases is the back side of the Oregon Uniform Traffic Citation. *State v. Knutsen*, 41 Or App 123, 597 P2d 834 (1979). However, even if appellant were correct, his argument does not assist him, as he could have filed a transcript based on that citation.

In order to perfect the appeal, ORS 53.090 clearly requires the filing of a "transcript of the cause." If the historic statutory requirement[3] does not fit the reality of the present municipal court system, it is for the legislature, not this court, to fashion the remedy.

Affirmed.

---

authenticated transcript. ORS 53.090 specifically provides that the transcript shall contain a copy of all the material entries in the justice's docket *plus* all of the original papers filed with the justice." 43 Or App at 467. (Emphasis in original.)

*Helleson* relied on *Shaw v. Hemphill*, 48 Or 371, 375, 86 P 373 (1906), in which the Supreme Court stated:

"It is therefore the certificate of a qualified justice of the peace, authenticating what purports to be a transcript of the proceedings had in an action terminating in a judgment that perfects an appeal and confers jurisdiction of the cause upon the circuit court * * *."

In *Carter v. Monnastes*, 19 Or 538, 539, 25 P 29 (1890), the court considered the earlier version of the statute, which also required that the appellant file a transcript of the cause, including all the material entries in the justice's docket. The court held that the filing of the transcript "is imperative, and compliance with the statute was essential to give the circuit court jurisdiction of the cause."

[2] Defendant filed a motion on appeal to supplement the record with an affidavit of the Astoria Municipal Court clerk. Plaintiff objected to the motion, and we denied it.

[3] *See* General Laws of Oregon ch 11, p 477 (Jus Code)(Deady & Lane 1843-1872); General Laws of Oregon ch 6, § 531, p 220 (Civ Code) (Deady & Lane 1843-1872).